IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ E. KHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADAM'S ASSOCIATES,<br><br>　　　　Defendants. | Case No. 3:06-cv-00095-TMB<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

On April 26, 2006, Izaz E. Khan, representing himself, filed an employment discrimination complaint under Title VII of the Civil Rights Act and the Americans with Disabilities Act, attaching a notice of right to sue from the Equal Employment Opportunity Commission, dated April 19, 2006.[1] Mr. Khan also filed an application to proceed without payment of fees under 28 U.S.C. § 1915, showing that he is currently unable to pay the $150.00 filing fee in this case.[2]

---

[1] *See* Docket No. 1.

[2] *See* Docket Nos. 3.

**IT IS HEREBY ORDERED:**

1. Mr. Khan's application to waive the fee in this case, at Docket No. 3, is GRANTED.

2. Mr. Khan's motion for appointment of counsel is, at this time, DENIED.[3]

3. Mr. Khan shall proceed with the steps outlined in this Order to insure that service of process is completed within 120 days of the date he filed his complaint.[4] Thus, Mr. Khan must complete initial service of the complaint and summons **no later than August 24, 2006**, and promptly file a return of service with the Court, showing proof of service on the defendants. Otherwise, his complaint may be dismissed, as to any unserved defendants, without further notice.

4. The Clerk of Court shall send Mr. Khan a summons form with this Order. Mr. Khan must complete the summons form for the defendant, and return the completed original form, plus two copies, to the Court for signature and seal. If the summons is in proper form, it will be issued for service.[5]

---

[3] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989) (The Court may not compel an attorney to assist an indigent civil litigant without pay). Having reviewed the materials filed by Mr. Khan thus far, the Court concludes that this is not a case appropriate for referral to the volunteer lawyer program, and the use of its limited resources.

[4] *See* FED. R. CIV. P. 4(m).

[5] *See* FED. R. CIV. P. 4(b).

5. Once Mr. Khan receives the summonses **issued** by the Clerk of Court (not the blank form, which plaintiff must complete and send back to the Court), he shall send, a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

> United States Marshal
> 222 West 7th Avenue, Box 28
> Anchorage, Alaska 99513

6. When the United States Marshal receives from Mr. Khan an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order, the Marshal shall serve a copy of the complaint, summons and this Order upon the defendant. All costs of this service shall be paid in advance by the United States. **Mr. Khan is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

7. Defendant shall have twenty (20) days after the date of service to file an answer or other responsive pleading.

8. Mr. Khan shall serve a copy of all further pleadings or documents sent to the Court on the defendant, or, if an appearance has been entered by counsel for defendant, upon defendant's attorney(s). Mr. Khan shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the defendants or counsel.

A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above __(name of document)__ was served upon __(name of opposing party or counsel)__ by __(mail/fax/hand-delivery)__ at _____(address)_____ on _____(date)_____.
>
> _____
> (Mr. Khan's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

9. In addition, Mr. Khan shall provide the Court with the original, plus one complete and legible copy, of every paper s/he submits for filing, as required by Local Rule 10.1(b).

10. At all times, Mr. Khan shall keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain **only** information about the change of address, and its effective date. The notice shall not include any requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

11. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with

a District Court Judge or Magistrate Judge of this Court about the merits of this action.

12. The Clerk of Court is directed to send a copy of the *Pro Se* Handbook to Mr. Khan along with this Order.

DATED this 15th day of May, 2006, at Anchorage, Alaska.

<u>/s/TIMOTHY  M.  BURGESS</u>
United States District Judge