IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

IZAZ KHAN,

      Plaintiff,

vs.

ADAMS ASSOCIATES,

      Defendants.

Case No. 3:06-cv-00095-TMB

ORDER to SHOW CAUSE

On April 26, 2006, Izaz Khan, representing himself and proceeding without payment of the filing fee, filed an employment discrimination complaint against Adams Associates.[1]   Mr. Khan has now moved to add Larry Allen as a defendant.[2]

Exhaustion

Before the Court may consider an employment discrimination case on the merits, Mr. Khan must show that he timely filed this action after receiving a notice of right to sue from the Equal Employment Opportunity Commission, as he appears to

---

[1] *See* Docket Nos. 1, 3, 5.

[2] *See* Docket No. 6.

T:\KahnKahn.wpd

have done as to Adams Associates.[3]   Although "failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling ... substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional pre-requisite."[4]

Allegations  of discrimination not included in an EEOC charge generally may not be considered by a federal court; but subject matter jurisdiction extends over all allegations of discrimination that **either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination**.[5]

The courts "consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."[6]   And while it is true that "[w]e construe the language of EEOC charges with utmost liberality since they are made by those

---

[3]  *See* Docket No.  at 4; under 42 U.S.C. § 2000e-5(f)(1), an individual must file a lawsuit within 90 days of receiving a formal right-to-sue letter from the EEOC.

[4]  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("Sommatino's verbal complaints to the EEO counselor and her e-mails are insufficient to constitute substantial compliance with the claim presentation requirements").

[5]  *See Freeman v. Oakland Unified School District*, 291 F.3d 632 (9th Cir. 2002).

[6]  *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir.2002).

unschooled in the technicalities of formal pleading,"[7] there is a limit to judicial tolerance when principles of notice and fair play are involved.   In determining whether exhaustion has been satisfied, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred....   The crucial element of a charge of discrimination is the factual statement contained therein."[8]

Mr. Allen does not appear to have been named in Mr. Khan's EEOC complaint.[9]   Throughout Mr. Khan's EEOC proceedings, Mr. Khan mentions Mr. Allen as the supervisor he holds responsible for a work-related injury, but Mr. Khan never mentions whether Mr. Allen was the person with authority to terminate him.[10] Thus, if Mr. Khan has not exhausted his administrative remedies as to Mr. Allen, and if Mr. Khan believes that Mr. Allen engaged in discrimination against him, rather than simply being responsible for his injury, Mr. Khan should timely exhaust his administrative remedies with the EEOC as to Mr. Allen.  If Mr. Khan is dissatisfied with the results of that action, he may then timely file an employment discrimination lawsuit, as to Mr. Allen, in this Court.

---

[7]  *Id.* (internal quotations omitted).

[8]  *Id.*

[9]  *See* Docket No. 1, attachments 1, 8.

[10]  *See id.*, all attachments,

**IT IS HEREBY ORDERED** that:

1.    Mr. Khan's motion for a stay, at docket number 8, is DENIED.[11]  Mr. Khan can make that motion at a future date, if he is re-incarcerated.

2.    Mr. Khan shall show, on or before **September 3, 2006,** that he has exhausted his administrative remedies as to Mr. Allen, as explained in this Order.

3.    The Clerk of Court is directed to send Mr. Khan a form PS-07, Response to Order to Show Cause, with a copy of this Order.

4.    In the alternative, on or before **September 3, 2006,** Mr. Khan may file a notice that he withdraws his motion to add a party.

5.    No decision will be made on Mr. Khan's motion to add a party until he fully complies with this Order.

6.    Mr. Khan's motion for a re-issuance of his summons, is GRANTED. Mr. Khan shall proceed with the steps outlined in this Order to insure that service of process is completed by **August 24, 2006**.[12]

7.    The Clerk of Court shall send Mr. Khan a summons form with this Order. Mr. Khan must complete the summons form for the defendant, **Adams Associates**, and return the completed original form, plus two copies, to the

---

[11]   The Court takes notice that state records show that Mr. Khan's adjudication hearing has been re-scheduled for August 29, 2006.

[12]   *See* FED. R. CIV. P. 4(m) (service of process must be completed within 120 days of the date Mr. Khan filed his complaint).

Court for signature and seal.  If the summons is in proper form, it will be issued for service.[13]

8.    Once Mr. Khan receives the summonses **issued** by the Clerk of Court (not the blank form, which plaintiff must complete and send back to the Court), he shall send, a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

United States Marshal
222 West 7th Avenue, Box 28
Anchorage, Alaska 99513

9.    When the United States Marshal receives from Mr. Khan an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order, the Marshal shall serve a copy of the complaint, summons and this Order upon **Adams Associates**.  All costs of this service shall be paid in advance by the United States. **Mr. Khan is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

10.    Defendant shall have twenty (20) days after the date of service to file an answer or other responsive pleading.

---

[13]  *See* FED. R. CIV. P. 4(b).

11.   Mr. Khan's motion for an interpreter for court proceedings, at docket number 9, is premature, and thus, provisionally DENIED.  Mr. Khan may make a motion for an interpreter at such time as any hearing is scheduled.

DATED this 31st day of July, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge