IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ KHAN,<br><br>      Plaintiff,<br><br>vs.<br><br>ADAMS ASSOCIATES,<br><br>      Defendants. | Case No. 3:06-cv-00095-TMB<br><br>ORDER DENYING<br>MOTION TO ADD PARTY |

On April 26, 2006, Izaz Khan, representing himself and proceeding under a waiver of the filing fee, filed an employment discrimination complaint against Adams Associates, alleging that the defendant terminated him based upon his national origin and due to a work-related injury.[1] Mr. Khan then moved to add Larry Allen as a defendant.[2] This Court required Mr. Khan to first show that he exhausted his administrative remedies as to Larry Allen, as he appears to have done as to Adams Associates.[3] The Court explained that, although "failure to file a timely EEOC

---

[1] *See* Docket Nos. 1, 3, 5.

[2] *See* Docket No. 6.

[3] *See* Docket No. 10.

administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling, ... substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional pre-requisite."[4]

The Court further explained that allegations of discrimination not included in an EEOC charge generally may not be considered by a federal court; but subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.[5]

The courts "consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."[6] In determining whether exhaustion has been satisfied, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is

---

[4] *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("Sommatino's verbal complaints to the EEO counselor and her e-mails are insufficient to constitute substantial compliance with the claim presentation requirements").

[5] *See Freeman v. Oakland Unified School District*, 291 F.3d 632 (9th Cir. 2002).

[6] *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir.2002).

alleged to have occurred....  The crucial element of a charge of discrimination is the factual statement contained therein."[7]

Throughout Mr. Khan's EEOC proceedings, Mr. Khan mentions Mr. Allen as the supervisor he holds responsible for a work-related injury, but Mr. Khan never mentions whether Mr. Allen was the person with authority to terminate him.[8]  In Mr. Khan's response to the Court's Order to Show Cause, he says that Mr. Allen was his "secondary employer" on the day of his injury, but he still fails to state whether Mr. Allen had the authority to terminate him,[9] which is the basis for his employment discrimination action.[10]

Thus, Mr. Khan has not shown that he exhausted his administrative remedies as to Mr. Allen.  If Mr. Khan believes that Mr. Allen engaged in discrimination against him, rather than simply being responsible for his injury, Mr. Khan should timely exhaust his administrative remedies with the EEOC as to Mr. Allen.  If Mr. Khan is dissatisfied with the results of that action, he may then timely file an employment discrimination lawsuit, as to Mr. Allen, in this Court.

---

[7] *Id.*

[8] *See* Docket No. 1, attachments,

[9] *See* Docket No. 13.

[10] *See* Docket No. 1 at 3.  An action to recover for an injury incurred on the job is one which would generally be brought before a state court or agency, rather than in federal court.

**IT IS HEREBY ORDERED** that:

Mr. Khan's motion to add a party, at docket number 6, is DENIED.

DATED this 16th day of August, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge
