Timothy A. McKeever
HOLMES WEDDLE & BARCOTT, P.C.
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile:  (206) 340-0289
Email:      tmckeever@hwb-law.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ KHAN,<br><br>                              Plaintiff,<br><br>        v.<br><br>ADAMS & ASSOCIATES,<br><br>                              Defendant. | OPPOSITION TO MOTION TO EXTEND TIME AND FOR CLARIFICATION ON ORDER TO SHOW CAUSE AND FOR HEARING<br><br><br><br>Case No. 06-00095-TMB |

## I. **RELIEF REQUESTED**

Defendant Adams & Associates ("Adams") requests that Plaintiff Izaz Khan's Motion be denied. Mr. Khan had ample opportunity to comply with this Court's order regarding exhaustion of administrative remedies as to a second defendant in this matter. No further review is warranted under the facts or under the civil rules.

## II. **PROCEDURAL BACKGROUND**

Mr. Khan filed this employment discrimination lawsuit in April 2006, after which the case was delayed on multiple motions. (Docket Nos. 1-10). On July 31, 2006, this

OPPOSITION TO MOTION TO EXTEND TIME
AND FOR CLARIFICATION ON ORDER TO SHOW CAUSE
AND FOR HEARING
*Khan v. Adams Associates*
Case No. 06-00095                    Page 1 of 4

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

Court issued an Order to Mr. Khan show, on or before September 3, 2006, that he had exhausted his administrative remedies as to Mr. Allen, another alleged party that he seeks to add to this action. (Docket No. 10). As this Court advised, Mr. Khan is required to exhaust his remedies with the EEOC as a mandatory requisite to filing a timely lawsuit in federal court. (*Id.*, p. 2) He has not done this as to the party he seeks to add. According to that Order, Mr. Khan was provided with a Response form to be used, and Mr. Khan responded on August 14, 2006. (*Id.*).

Despite more than three (3) months since his motion to add a party and this Court's Order to Show Cause, Mr. Khan failed to take action on this matter. Mr. Khan is not unfamiliar with the EEOC charging process. He filed his original charge with the EEOC as to Adams, received his Right to Sue notice, and filed the present action. Appropriately, this Court denied Mr. Khan's Motion to Add Party on August 16, 2006. (Docket No. 14).

Two weeks after that order was issued, Mr. Khan moved for additional time on the show cause order, for clarification of that order, and for a hearing. (Docket No. 20). Mr. Khan states as his sole basis for the request that he does not understand and that English is his second language. (*Id.*) Additionally, Mr. Khan filed a letter with this Court on August 29, 2006, explaining his case against Adams. Mr. Khan had been previously advised against ex parte communication with this Court. (Docket No. 5).

### III. LEGAL ANALYSIS

Mr. Khan's Motion and letter together are neither timely nor provided for under the rules. If Mr. Khan wanted relief from the August 16 Order, he should have filed a motion for reconsideration. Under Rule 59.1, a motion for reconsideration must be filed not later than five (5) days after entry of the order. LR 59.1(b)(1). Here, Mr. Khan did

OPPOSITION TO MOTION TO EXTEND TIME
AND FOR CLARIFICATION ON ORDER TO SHOW CAUSE
AND FOR HEARING
*Khan v. Adams Associates*
Case No. 06-00095                    Page 2 of 4

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

not file his motion until August 31, 2006. He additionally sought more time and clarification by his motion, neither of which appears necessary under the facts here.[1] Although courts construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure. *King v. Atiyeh*, 824 F.2d 565, 567 (9th Cir. 1987); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)(acknowledging the rule that "*pro se* litigants are not excused from following court rules.").

Mr. Khan understood the directive from the Court's order and filed a response. Mr. Khan understood how to file an EEOC charge, as he had filed an administrative charge against Adams in the present matter. He is without excuse as to his failure to comply with the order to show cause and is untimely as to any motion to reconsider the Order denying his Motion to Add a party.

Oral argument at hearing is discretionary with the Court. LR (a)(3). A hearing would be a waste of judicial resources and time, and is not warranted in this circumstance.

### IV. CONCLUSION

Mr. Khan's Motion and letter are outside of the scope of the Local Civil Rules, and this Court's previous orders. Adams asks that the Motion in total be denied.

DATED this 21st day of September, 2006.

---

[1] Jurisdiction of the EEOC would be in question. Mr. Khan filed a charge claiming a violation in July 2005. A timely EEOC charge must be filed within 300 days of the last date that discrimination took place. 29 C.F.R. § 1601.13.

OPPOSITION TO MOTION TO EXTEND TIME
AND FOR CLARIFICATION ON ORDER TO SHOW CAUSE
AND FOR HEARING
*Khan v. Adams Associates*
Case No. 06-00095                    Page 3 of 4

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.

2.                                          HOLMES WEDDLE & BARCOTT, P.C.

3.

4.                                          Timothy A. McKeever, ASBA #7611146
                                            999 Third Avenue, Suite 2600
5.                                          Seattle, Washington 98104
                                            Telephone: (206) 292-8008
6.                                          Facsimile:  (206) 340-0289
                                            Email:     tmckeever@hwb-law.com
7.                                          Attorney for Defendant

8.     CERTIFICATE OF SERVICE

9.     The undersigned certifies under penalty of perjury
       of the laws of the State of Washington that, on the
10.    __15__ day of __September__, 2006,
       the foregoing was electronically filed with the Clerk
11.    of Court using the CM/ECF system, which will send
       notification of such filing to the following:

12.

13.    Izaz Khan
       KHAN_IZAZ@yahoo.com

14.

15.    s/Tim McKeever
16.    Tim McKeever

17.
       G:\4831\21077\Pldg\Opp to Motion to Extend Time 9.06.doc
18.

19.

20.

21.

22.

23.

24.

25.
       OPPOSITION TO MOTION TO EXTEND TIME
26.    AND FOR CLARIFICATION ON ORDER TO SHOW CAUSE
       AND FOR HEARING
       *Khan v. Adams Associates*
       Case No. 06-00095              Page 4 of 4