HAND DELIVERED

AUG 2 9 2006

HWB - Anc.

RECEIVED
AUG 3 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

RECEIVED
OCT 1 8 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

RECEIVED
AUG 2 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Izaz Kahn
2823 Tudor Road
Anchorage, AK 99507
907-868-2051 (VoiceMail Only)
~~Izaz_Khan@yahoo.com~~
Case #3:06-CV-00095-TMB

KHAN_IZAZ@YAHOO.COM
MR McKEEVER you can get hold of
ME THROUGH MY EMAIL
AMENDED COMPLAINT with
EEOC
→ AMENDED EMAIL ADDRESS

Hon. Judge Timothy M. Burgess
United States District Court
District of Alaska
Clerk of Court
Federal Building, U. S. Courthouse
222 West 7th Ave. #4
Anchorage, Alaska 99513-7564

Dear Judge Burgess:
   RE.
I am writing to explain my EEOC complaint of discrimination against the temporary employment firm Adam Associates (3601 C. Street, Suite 1258, Anchorage AK, 99503). Adam Associates is a temporary hire agency for which I worked between April 18, 2005 and July 15, 2005. I believe I was terminated from my job at Adam Associates because they did not want to compensate me after I was injured on the job.

The facts of my case follow:

1. I began to work for Adam Associates on 18 April 2005. I worked on many jobs performing mostly heavy duty labor including, lifting, moving etc.
2. Between April and June, I was hired twice, through Adam Associates, by a Mr. Larry Allan to do household moving chores.
3. On 11 June 2005 I was again hired, through Adam Associates, by Mr. Larry Allan to help with another household move. This job began at 9 am and was completed at 9pm. The work included much heavy lifting and moving of heavy furniture, potted plants and other household items. By the end of that work day, I was experiencing pain and my lower back and left knee, and realized that I had injured myself at some point during the day.
4. When Adam Associates called with another job assignment on 12 June 2005, I told them I could not work because of pain from my injuries sustained the previous day.
5. Adam Associates instructed me to submit an Occupational Injury report which I did on 7 July 2005, and I was referred to physicians at First care. Upon sending me to First Care, Jake (Jacob Keenhold) at Adam Associates recommended that I take "light duty work".
6. The doctor at First Care evaluated me for "light duty work" and asked if I could lift up to 10 pounds and move in certain ways. When I answered in the affirmative, the doctor concluded I could do "light duty work".

7. That same day, July 7, Adam Associates offered my light duty work shredding papers in their office.
8. On 8 July, I worked between 8 am and 12 noon shredding papers. While I was there, Jake at Adam Associates requested that I sign a release form regarding my criminal history. I signed the form as requested. When I returned from lunch break, I was told there was no more work.
9. The next work week I called Adam Associates do see if they had more work for me and they replied that they had no more work for me because of my criminal history.
10. Subsequent doctor's examinations, which included an MRI of my back revealed an injured vertebral disk at my 4th lumbar vertebra. Dr. Arthur Tilgner, at First Care assessed me "not fit for duty in my normal occupation (heavy labor).

I have tried to perform several jobs since August of 2005. Pain, however, has prevented me from being able to do them effectively. I am unable to stand for extended periods, and no longer can lift or move heavy objects. Hence, I have been largely unemployed throughout this intervening period. Also through this period, I have not received any workers compensation because of the disability that has prevented me from performing my normal kinds of work.

Because of the above chain of events, I am convinced that my employer, Adam Associates, used my criminal record (which is totally irrelevant) to escape its responsibilities to care for an employee injured while working for them.

Therefore, Judge Burgess, I am hereby asking you to reopen my EEOC case so that I can further pursue a fair settlement against Adam Associates and receive the health and other worker's compensation benefits to which I am entitled.

Sincerely

Izaz Khan