Kara Heikkila
HOLMES WEDDLE & BARCOTT
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008
Facsimile:(206) 340-0289
Email: kheikkila@hwb-law.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

IZAZ KHAN,

               Plaintiff,

    v.

 

ADAMS & ASSOCIATES,

               Defendant.

Case No. 06-00095-TMB

OPPOSITION TO PLAINTIFF'S
MOTION FOR TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING
MOTION, AND MOTION FOR A
SUMMONS FOR LARRY ELLAN

## I. **RELIEF REQUESTED**

      Defendant Adams & Associates "Adams" requests that Plaintiff Izaz Khan's "Khan" multiple motions be denied. In spite of offering no new evidence as justification,

OPP. TO PLTF.'S  MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB
                 Page 1 of 7

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

Khan has resurrected his Motion to Add Party (Larry Allen[1]) and his Motion for an Interpreter, both of which were previously denied by this Court. (Docket Nos. 14 (Aug. 16, 2006 Order Denying Motion to Add Party), and 30 (Sept. 29, 2006[2] Order Denying Motion for an Interpreter).)    Both of these duplicative motions are improper and untimely.  Khan's Scheduling Motion should be denied because the local and federal procedural rules do not contemplate such relief, and Khan's Motion for a Summons should be denied because Mr. Allen is not a defendant in this matter. *See* Fed. R. Civ. P. 4.

## II. **PROCEDURAL BACKGROUND**

Khan filed this employment discrimination lawsuit on April 26, 2006, after which Khan has delayed this case with multiple, and often times duplicative motions.  Currently pending before this Court are: Khan's second motion to add Larry Allen as a party, his third motion for an interpreter, a motion to schedule proceedings in the afternoon, and a motion to issue a summons for Larry Allen, a nonparty.  In the interest of efficiency, Adams submits this consolidated opposition to Khan's four pending motions.

Khan has twice moved this Court to add Larry Allen as a party.  (Docket Nos. 6 (June 8, 2006) and 36 (October 18, 2006).)  On August 16, 2006, this Court denied Khan's June 8 motion because Khan had failed to exhaust his administrative remedies with regard to his claims against Mr. Allen.  (Docket No.14.)  Khan did not file a motion

---

[1] The defendant believes that "Larry Ellan," "Larry Allen," and "Larry Allan" refer to the same individual.

[2] The September 29, 2006 Order was signed on September 28, and entered on September 29, 2006.  (Docket No. 30.)

OPP. TO PLTF.'S  MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

for the Court to reconsider its August 16 Order, instead he filed a second motion asking the Court to add Larry Allen as a party. (Docket No. 36.) The October 18 motion includes no evidence that Khan has exhausted his administrative remedies since the Court's August 16 Order.

Khan has requested the Court to provide him an interpreter on three separate occasions. (Docket Nos. 7 (June 8, 2006), 29 (September 27, 2006), and 37 (October 18, 2006)). On July 31, 2006, the Court provisionally denied Khan's motion for an interpreter and provided that he could renew the request for an interpreter at a later date. (Docket No. 10.) On September 29, 2006, this Court denied, without exception, Khan's second motion for an interpreter. (Docket No. 30.) Khan did not move the Court to reconsider its September 29 Order. On October 18, 2006, Khan filed the current pending motion for the Court to provide an interpreter.

On October 18, 2006, Khan also filed a motion for time scheduling, requesting that future court proceedings be scheduled in the afternoon. On October 25, 2006, Khan filed a motion requesting the Court to issue a summons for Allen, a non-party to this suit. The defendant asks this court to deny all of Khan's pending motions and issue an Order informing Khan of his responsibility to abide by the Local Rules and the Federal Rules of Civil Procedure and warning him that the continued filing of duplicative and frivolous motions could result in sanctions, including reasonable attorney's fees expended responding to Khan's motions. Fed. R. Civ. P. 11(b)-(c); *see also Smith v. Education People, Inc.*, 233 F.R.D. 137, 142 n. 9 (S.D.N.Y. 2005) ("It is well established that Rule

OPP. TO PLTF.'S MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB
Page 3 of 7

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

11 applies to *pro se* litigants."); *Maydak v. Bonded Credit Co.*, 892 F. Supp. 1304, 1310 (D. Ore. 1995) (considering Rule 11 sanctions against a *pro se* litigant).

## III. LEGAL ANALYSIS

### A. Motion to Add Party

Khan's October 18 motion to add a party is untimely and improper under the Local Rules and the Federal Rules of Civil Procedure. To seek relief from the August 16 Order, Khan should have filed a motion for reconsideration pursuant to Local Rule 59.1. A motion for reconsideration must be filed no later than five days after the entry of an order. LR 59.1(b)(1). Thus, a motion for reconsideration of the August 16 Order had to be filed by August 23, 2006. Although courts construe pleadings liberally in their favor, *pro se* litigants are nonetheless bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (acknowledging that "*pro se* litigants are not excused from following court rules"). Even if it is construed as a motion for reconsideration of the August 23, 2006 Order, Khan's duplicate motion to add a party was not filed until October 18, 2006, almost a full month past the deadline. Furthermore, even if Khan had timely filed the motion, denial would be proper because he has offered no new facts of evidence[3] showing that he has exhausted his administrative remedies with regard to Allen.

Accordingly, Khan's motion to add a party should be denied.

---

[3] In support of his October 18 motion to add a party, Khan submitted a letter to the Court. According to the date stamps visible on the letter, this is at least the third time Khan has submitted this letter for the Court's review. Nothing in the letter justifies the re-filing of a previously denied motion.

OPP. TO PLTF.'S MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

**B. Motion for an Interpreter**

Khan's October 18 motion for the Court to provide an interpreter is also untimely and inappropriate under the federal and local procedural rules. The Court denied, without exception, Khan's second motion for an interpreter on September 29, 2006. As with the motion to add a party, the proper procedure to challenge the Court's Order was to file a motion for reconsideration within five days of the entry of the order. LR 59.1(b)(1). Thus, Khan had to file the motion for reconsideration by October 6, 2006. Even if Khan's current motion is "liberally" construed as a motion for reconsideration, Khan did not file the pending motion until October 18, 2006, almost two weeks past the deadline. Even if timely filed, Khan has submitted no new evidence showing that the Court erred in its September 29, 2006 Order.

Accordingly, Khan's current pending motion for an interpreter should be denied.

**C. Motion Regarding Time and Scheduling Restricted to Afternoon**

The rules of procedure do not contemplate the relief, regarding afternoon scheduling, requested by Khan, and thus Adams opposes an Order requiring afternoon scheduling for all future proceedings in this matter. Furthermore, this issue should have been addressed at the October 4, 2006 scheduling conference, which Khan failed to attend. While Counsel for Adams and indeed likely this Court would enjoy morning time to be used for relaxation and to restrict work to only afternoons in order to, as Khan suggests, "not rush things," such a request is sadly not realistic. This motion is frivolous by definition.

OPP. TO PLTF.'S MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.

2.  **D. Motion to Issue a Summons for Larry Allen**

3.          Because the Court has already denied Khan's motion to add Allen as a party,

4.  Khan's motion for a summons for Allen should also be denied because Allen is not a

5.  party to this lawsuit. The rules of procedure provide only for a summons to be directed to

6.  the "defendant." Fed. R. Civ. P. 4(a). Accordingly, Khan's motion for a summons

7.  should be denied.

8.                          IV.  **CONCLUSION**

9.          Khan's Motions are outside the scope of the Local Rules, the Federal Rules of

10. Civil Procedure, this Court's previous orders, and the rules of common sense. Adams

11. asks that Khan's four pending Motions in total be denied.

12.         DATED this ___31___ day of October, 2006.

13.

14.                                 HOLMES WEDDLE & BARCOTT

15.

16.                                 Kara Heikkila, ASBA #0410059
                                    999 Third Avenue, Suite 2600
17.                                 Seattle, Washington 98104
                                    Telephone: (206) 292-8008
18.                                 Facsimile:  (206) 340-0289
                                    Email:     kheikkila@hwb-law.com
19.                                 Attorney for Defendant

20.

21.

22.

23.

24.
    OPP. TO PLTF.'S MOTION TO ADD PARTY,
25. MOTION FOR AN INTERPRETER,
    TIME AND SCHEDULING MOTION, AND
26. MOTION FOR A SUMMONS FOR LARRY ELLAN
    *Izaz Khan v. Adams & Associates*
    Case No. 06-00095 TMB
                            Page 6 of 7

1.

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury
of the laws of the State of Washington that, on the
___31___ day of October, 2006,
the foregoing was electronically filed with the Clerk
of Court using the CM/ECF system, which will send
notification of such filing to the following:

Izaz Khan
KHAN_IZAZ@yahoo.com

Kara Heikkila

G:\4831\21077\Pldg\Opp to Motions 10.06.doc

OPP. TO PLTF.'S  MOTION TO ADD PARTY,
MOTION FOR AN INTERPRETER,
TIME AND SCHEDULING MOTION, AND
MOTION FOR A SUMMONS FOR LARRY ELLAN
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB

Page 7 of 7

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008