IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ KHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADAMS ASSOCIATES,<br><br>　　　　Defendants. | Case No. 3:06-cv-00095-TMB<br><br>ORDER DENYING<br><u>MULTIPLE MOTIONS</u> |

On April 26, 2006, Izaz Khan, representing himself and proceeding under a waiver of the filing fee, filed an employment discrimination complaint against Adams Associates, alleging that the defendant terminated him based upon his national origin and due to a work-related injury.[1] Mr. Khan then moved to add Larry Allen as a defendant.[2] This Court required Mr. Khan to first show that he exhausted his administrative remedies as to Larry Allen, as he appears to have done as to Adams Associates.[3] The Court explained that, although "failure to file a timely EEOC

---

[1] *See* Docket Nos. 1, 3, 5.

[2] *See* Docket No. 6.

[3] *See* Docket No. 10.

administrative complaint is not a jurisdictional prerequisite to a Title VII claim, but is merely a statutory requirement subject to waiver, estoppel and equitable tolling, ... substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional pre-requisite."[4]

The Court further explained that allegations of discrimination not included in an EEOC charge generally may not be considered by a federal court; but subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.[5]

Mr. Khan did not show that he exhausted his administrative remedies as to Mr. Allen. Therefore, on August 16, 2006, the Court denied his motion to add Mr. Allen as a party, but informed Mr. Khan that, if he believes that Mr. Allen engaged in discrimination against him, rather than simply being responsible for his injury, he should timely exhaust his administrative remedies with the EEOC as to Mr. Allen.[6] Only then, if Mr. Khan is dissatisfied with the results of that action, may he timely file an employment discrimination lawsuit, as to Mr. Allen, in this Court.

---

[4] *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("Sommatino's verbal complaints to the EEO counselor and her e-mails are insufficient to constitute substantial compliance with the claim presentation requirements").

[5] *See Freeman v. Oakland Unified School District*, 291 F.3d 632 (9th Cir. 2002).

[6] *See* Docket Nos. 13, 14.

Mr. Khan, however, continues to attempt to include Mr. Allen as a party to this lawsuit.[7] As previously explained, however, this cannot be done,[8] so Mr. Khan's motions on this issue must be denied. Further, this Court cannot give Mr. Khan legal advice as to how to proceed before the EEOC,[9] but notes (as does the defendant), that Mr. Khan initiated a proceeding against the defendant with the EEOC, so can presumably do the same as to Mr. Allen.[10]

As also noted by the defendant, Mr. Khan's motion for an interpreter has been previously denied, as has his motion for a court-appointed attorney,[11] and will be

---

[7] *See* Docket Nos. 36, 38, 40.

[8] *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional pre-requisite.").

[9] Mr. Khan may wish to contact the Alaska Bar Association's Lawyer Referral Service, at 272-0352, for assistance in securing counsel, and an initial 1/2 hour, $50.00 consultation; and/or Alaska Legal Services, Corp., at 272-9431. There is no guarantee, in either case, that counsel will be secured for Mr. Khan through these organizations.

[10] *See* Docket No. 41 (motion for EEOC investigation). The Court makes no determination as to the timeliness of any EEOC complaint at this date.

[11] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989) (The Court may not compel an attorney to assist an indigent civil litigant without pay). Having reviewed the materials filed by Mr. Khan thus far, the Court concludes that this is not a case appropriate for referral to the volunteer lawyer program, and the use of its limited resources.

denied again.[12]  Finally, Mr. Khan's motion that any court-hearings be scheduled in the afternoons so that he does "not have to rush things,"[13] must be denied.  Mr. Khan must attend all court-scheduled hearings and should meet all deadlines.  Mr. Khan should also make no further motions on matters which have already been addressed by the Court.  Even though he is representing himself, Mr. Khan will be subject to sanctions if he continues to revisit issues which have previously been decided and/or files frivolous motions.[14]

**IT IS HEREBY ORDERED** that:

1. Mr. Khan's motions at docket numbers 35, 36, 37, 38, 40, 41, and 45 are DENIED.

2. Mr. Khan should make no further motions designed to include Mr. Allen as a party in this case.

---

[12] *See* Docket Nos. 4, 5, 29, 30, 37, 39, 45.  Mr. Khan is entitled to bring his own interpreter to court hearings, as explained in docket number 30.

[13] Docket No. 35.

[14] *See* FED. R. CIV. P. 11; *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that a litigant proceeding under a waiver of the filing fee may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims.") (citations and internal quotations omitted).

3.  Mr. Khan's motion to remove the District Court Judge assigned to this case, at docket number 46, is DENIED.[15]

4.  The defendant need not respond to any further motions filed by Mr. Khan unless and until ordered by the Court to do so.

DATED this 30thth day of April, 2007, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[15] Mr. Khan states that a lot of people are prejudiced against him based upon his nationality, but he does not give any reason, other than rulings which have not been favorable to him in this Court, that the judge assigned to this case is biased. Thus, this motion must be denied. *See, e.g., Mustang Marketing, Inc. v. Chevrolet Products Co.*, 406 F.3d 600, 610 (9th Cir. 2005) (no showing of actual bias); *United States v. Wilkerson*, 208 F.3d 793, 799 (9th Cir. 2000) ("To disqualify a judge, the alleged bias must constitute 'animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct,'" commenting on "the court's commentary on his role as 'represent[ing] the community' and that the community was 'tired' of armed robbery and guns does not demonstrate the kind of 'truly extreme' remarks that are required for recusal.") (citation omitted).