Kara Heikkila
HOLMES WEDDLE & BARCOTT
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008
Facsimile:(206) 340-0289
Email: kheikkila@hwb-law.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

IZAZ KHAN,

                    Plaintiff,

     v.

ADAMS & ASSOCIATES,

                    Defendant.

Case No. 06-00095-TMB

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS

### I. RELIEF REQUESTED

Defendant Adams & Associates ("Adams") moves this Court for summary adjudication or alternatively for dismissal on all of Plaintiff Izaz Khan's ("Khan") employment discrimination claims pursuant to Fed. R. Civ. P. 37(b)(2)(C), 41(b)(6), and 56(c). Other than filing nuisance motion practice,[1] Khan has taken no steps to participate

---

[1] See Docket No. 47, where this Court appropriately ordered Khan to stop filing motions regarding a particular matter that has been ruled on multiple times and further ordered that Adams need not oppose the continued rash of motion practice unless and until ordered to do so by this Court. This apparently has not dissuaded Khan from doing the same, as five additional and largely repeat motions were filed May 31, 2007. See Docket Nos. 49-53. For example, Khan filed his fourth request for an Urdu interpreter in violation of this Court's order, which he now asserts he should be granted because "when gay [sic] have

(footnote continued...)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 1 of 27

in this case. Khan has violated Court ordered discovery and case schedule deadlines, failed to respond to written discovery requests and, importantly, failed to respond to requests for admissions, and refused to participate in and eventually to answer questions during his deposition. Indeed, Khan has at last count filed twenty-two motions without answering a single discovery request. His failure to participate in this case, a case now past the close of discovery, severely prejudices Adams in its defense of this matter. Additionally, Khan's Complaint, deposition answers, and Rule 36 admissions illustrate Adams's entitlement to summary judgment as matter of law on Khan's employment discrimination claims.

Adams now moves the Court to dismiss this action in its entirety.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background.

Adams is a temporary employee placement company. (Affidavit of Mutter, ¶2). On April 18, 2005, Adams hired Khan and thereafter placed him in temporary positions. (*Id.*, ¶3). On June 11, 2005, Khan allegedly suffered a work injury, but did not report it until July 7, 2005. (*Id.*, ¶4). After release from his physician on July 7, Khan was placed in a light-duty position in the Adams branch office, according to policy, on July 7 and 8. (*Id.*,¶5). Prior to that, on June 28, 2005, Adams's parent company had informed the Anchorage branch office personnel that company policy required all employees performing light duty in its branch offices to submit to a background check and drug screen due to the sensitivity of items found in the branch offices. (*Id.*, ¶6).

_____

*(continued from previous page)*
rights and animals have rights and birds have rights and they get millions," then Khan ought to get an interpreter and millions also.  Docket No. 53.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 2 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

All affected employees in the Anchorage branch office were subsequently screened and five, including Khan, were terminated in July and August 2005 based on criminal or related histories in violation of established company policy. (Affidavit of Mutter, ¶7).[2] Specifically as to Khan, on July 8, 2005, he signed a "Background Check Authorization" for Adams to obtain a copy of his criminal history. (Affidavit of Heikkila, Exh. A., p. 87). On the authorization form, Khan only disclosed criminal convictions for trespassing and disregarding a highway sign. (*Id.*) Adams received Khan's criminal history later that day, which indicated the following charges and convictions: DWLC/S/R/L (misdemeanor – no contest plea, 7/06/01),[3] CRIMINAL TRESPASS – Second Degree (misdemeanor – no contest plea, 6/18/02), DUI ALCOL OR CON SUB (misdemeanor – no contest plea, 9/29/03), DISREGARD HWY OBSTR (misdemeanor – no contest plea, 9/29/03), ASSAULT 4TH DEGREE (misdemeanor – no disposition date listed), CRIM MICHIEF 4 (misdemeanor – no disposition date listed), and PERJURY[4] (felony – no disposition date listed). (Affidavit of Mutter, ¶8; Affidavit of Heikkila, Exh. A, p. 89-90).[5]

---

[2] The other four individuals were listed as comparators in Adams's EEOC position statement, Exh. A, p. 144. The entire EEOC file is attached to the Affidavit of Heikkila, Exh. A. This file includes Adams's position statement and other critical supporting documents, including Khan's release to review his criminal history and Adams's parent organization's written policy on employment criteria regarding criminal histories. In the Ninth Circuit, an EEOC investigative file is admissible into evidence in a subsequent lawsuit. *Gilchrist v. Jim Slemmons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986).

[3] Date given is the date of disposition.

[4] Khan was subsequently convicted of perjury and spent six months in jail. (Affidavit of Heikkila, Exh. B, p.54:4-6.)

[5] Khan affirmed the accuracy of the criminal history in his deposition (Affidavit of Heikkila, Exh. B., p.47:22-54:18).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 3 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.         Company policy prohibited Adams from employing an individual who "has been

2. convicted of two or more misdemeanors arising from separate incidences or occurrences,

3. and the last of those convictions and the completion of the sentence occurred less than

4. three years ago."[6] (Affidavit of Heikkila, Exh, A, p. 99). Khan's criminal history report

5. showed he had plead no contest to four misdemeanors, two of which had a disposition

6. date of September 29, 2003 – less than three years prior to the July 8, 2005 report date.

7. (*Id.*) Therefore, company policy prohibited Adams from further employing Khan. (*Id.*;

8. Affidavit of Mutter, ¶8).

9.       On July 11, 2005, Adams informed Khan that, due to his criminal history, it was

10. considering making an adverse decision regarding his employment, and allowed him an

11. opportunity to challenge the accuracy of the criminal history report. (Affidavit of

12. Heikkila, Exh. A, p. 95; Affidavit of Mutter, ¶8). Khan did not challenge the criminal

13. history report and, on July 15, 2005, Adams terminated Khan's employment based solely

14. on his criminal history. (*Id.*; *see also* Affidavit of Heikkila, Exh. B, 46:1-3 and Exh. C,

15. p. 7 (Khan's Rule 36 Admission No. 13.)

16. **B.**    **Procedural Background.**

17.       Khan then filed a formal Charge of Discrimination with the EEOC and the Alaska

18. State Commission for Human Rights,[7] alleging employment discrimination based on

19. national origin and disability. (Affidavit of Heikkila, Exh. A, p. 36-39.) Following an

20. investigation, the EEOC dismissed Khan's charge with a finding of no reasonable cause[8]

21.

22.     [6] The policy also included clauses on handling individuals convicted of felonies.

23.     [7] The charge was filed outside of the Alaska State Commission for Human Rights's 180-day timeframe for filing. (Affidavit of Heikkila, Exh. A at p. 25.)

24.     [8] More precisely, the agency found that it was unable to conclude that any violation of the various anti-discrimination statutes took place in this case.

25.

26. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 4 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

and issued its standard Notice of Dismissal and Right to Sue letter on April 19, 2006. (Affidavit of Heikkila, Exh. A, p. 12.) Khan filed this lawsuit on April 26, 2006, alleging that Adams terminated his employment based on his national origin and alleged disability. (Docket No. 1.) At the same time, Khan filed a motion for appointment of counsel and on May 16, 2006, the Court denied Khan's Motion to Appoint Counsel. (Docket Nos. 4 and 5.)

Subsequently, Khan filed a Motion to Add a Party (Larry Allen) and a Motion for an Interpreter. (Docket Nos. 6 and 7.) On June 30, 2006, Khan filed a Motion for Extension of Time to File Motion to Set Aside, and a Motion for Reissuance of Summons. (Docket Nos. 8 and 9.)

On July 31, 2006, the Court issued an Order to Show Cause, addressing Khan's four June 2006 motions and other issues. (Docket No. 10.) The July order recognized Khan's failure to name Mr. Allen in his EEOC charge and ordered Khan to show that he exhausted his administrative remedies as to Mr. Allen on or before September 3, 2006. (*Id.*) The Court stayed determination on Khan's Motion to Add a Party pending compliance with the show cause order. (*Id.*) The Court reissued the summons and provisionally denied Khan's Motion for an Interpreter. (Docket No. 10.)

On August 14, 2006, Khan filed a response to the Court's order to show cause, alleging Mr. Allen should be added because he was hurt while working for Mr. Allen, but provided no evidence that he had complied with the Court's order to show cause. (Docket No. 13.) The Court denied Khan's Motion to Add Mr. Allen as a party. (Docket No. 14.)

Adams filed its answer to Khan's Complaint denying all allegations of wrongdoing. (Docket No. 16.) The next day, the Court ordered the parties to meet within

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 5 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

21 days and to file a case status report within 28 days. (Docket No. 17.) On August 31, 2006, Khan filed a Motion to Extend Time & For Clarification of the Order to Show Cause and for Motion for a Hearing. (Docket No. 18.)

Khan then filed a Response to the Court's August 16, 2006 Order. (Docket No. 22.) In the response, Khan stated that he had witness lists, and that he did "not need a year to get [ready for] a trial." (Docket No. 22.) That same day, counsel for Adams held a scheduling conference with Khan. (Affidavit of Heikkila, ¶5.) Prior to the conference, Adams provided Khan with a proposed Scheduling and Planning Conference Report. (*Id.*) Khan refused to cooperate in preparing the Scheduling and Planning Conference Report, and requested more time. (*Id.*) Adams refused to continue the scheduling matter and filed the proposed report undersigned had drafted. (*Id.*; Docket 25.) On September 15, 2006, Adams filed its consolidated opposition to Khan's August 31, 2006 motions and his September 14, 2006 filing. (Docket No. 23.)

This Court ordered the parties to attend a scheduling conference, before the Court, on October 4, 2006, at 10:00 A.M. (Docket No. 28.) On September 27, 2006, Khan filed his second Motion for an Interpreter, which was again denied. (Docket Nos. 29 and 30.)

Khan violated this Court's order by not attending the scheduling conference. (Docket No. 31.) On October 11, 2006, the Court issued an Order denying Khan's Motion for Extension of Time and his Motion for a Hearing. (Docket No. 32.) The Court warned Khan that "**he risk[ed] dismissal of this matter for failure to prosecute if he does not participate in scheduled hearings and motion practice in the matter.**" (Docket No. 32 (emphasis in original).)

The Court subsequently entered a Scheduling and Planning Order. (Docket No. 33.) That same day, Khan filed a motion to schedule future proceedings after noon,

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 6 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

for his own convenience, his second motion to add Larry Allen as a party, and his third motion for an interpreter.  (Docket Nos. 35, 36, and 37.)

A week later, Khan moved the Court to issue a summons for Larry Allen. (Docket No. 38.)  On October 25, 2006, Adams served its Rule 26(a)(1) disclosures.  On October 30, 2006, Khan violated the Court's October 18, 2006 by failing to serve his 26(a)(1) disclosures.  (Heikkila Dec.)  On October 31, 2006, Adams filed its consolidated opposition to Khan's four October 2006 motions.  (Docket No. 39.)

On November 1, 2006, Adams served Khan with Defendant's First Interrogatories and Requests for Production and Defendant's First Set of Requests for Admissions. Those Requests asked Khan to admit, among other things:

- That his criminal background check was accurate;
- That Adams fired him solely based on this criminal history, and not his national origin or disability;
- That Adams did not discriminate against him based on his national origin;
- That his claimed injuries did not substantially limit his ability to perform one or more major life activities;
- That he was not discriminated against based on an actual disability, a perceived disability, or a record of a disability;
- That he was not the only employee terminated based on criminal history;
- That his ability to communicate in English was sufficient for him to pursue both an administrative workers' compensation claim and a discrimination claim against Adams without the assistance of an interpreter; and
- That Adams was not liable for any lost wages or medical expenses in the context of this lawsuit.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 7 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. (*Id.*)

2. To date, Khan has not responded to Adams's November 1, 2006 discovery

3. requests and, importantly, failed to respond to the Requests for Admissions.[9] (Affidavit

4. of Heikkila, ¶4.)

5. Following numerous discussions with Khan, his deposition was noted on

6. January 4, 2007, at the Anchorage office of Adams's attorneys of record. (Affidavit of

7. Heikkila, ¶6.) In preparation for the January 4 deposition, Adams provided, at its own

8. cost, an Urdu interpreter to assist Khan and arranged for a court reporter. (*Id.*) On

9. January 4, 2007, the interpreter, the court reporter, and Adams's counsel of record were

10. prepared to conduct the deposition. (*Id.*) Khan arrived late and announced that he would

11. not participate in his deposition that day. (*Id.*) Adams was required to pay appearance

12. fees for the various participants at that failed deposition attempt. (*Id.*)

13. Khan's deposition was rescheduled and finally taken January 26, 2007. (Affidavit

14. of Heikkila, ¶7.) Adams again provided, at its now duplicative cost, an Urdu interpreter

15. to assist Khan's deposition. (*Id.*) During the deposition, Khan refused to answer

16. numerous questions regarding liability and damages, was uncooperative, and raised his

17. voice several times.[10] In perhaps the low point of that deposition, Khan not only raised

18. his voice at the interpreter, but he proceeded to call the interpreter a "dick."[11]

19.
20. [9] In the instructions to Defendant's First Set of Requests for Admissions to Plaintiff, Adams notified Khan that "[e]ach matter of which an admission is requested will be deemed **admitted unless, within 30 days after the date of service of these requests,** you serve upon the undersigned a written denial or objection to the matter and signed by you." (Exh. C (emphasis in original).) Khan failed to respond within 30 days, so each of the admissions requested are deemed admitted. Fed. R. Civ. P. 36.

22. [10] By way of example, Mr. Khan originally agreed to proceed without the assistance of the interpreter, but then refused to answer questions to undersigned, and instead at times spoke to the interpreter, at times in English and at times in Urdu. (Affidavit of Heikkila, Exh. B, 4:19-7:7). He refused to answer questions about work for a company called Midnight Sun Services until he obtained an attorney and was told by the attorney how to answer. (*Id.* 13:24-14:12). In response, undersigned advised that she would file a motion

(*footnote continued...*)

26. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 8 of 27

1.        Pursuant to court order, Rule 26(a)(2) disclosures were due on March 2, 2007.

2. (Docket No. 33.) Adams timely served Khan with its 26(a)(2) disclosures, but received

3. no disclosures from Khan. (Affidavit of Heikkila, ¶8.) On March 16, 2007, counsel for

4. Adams sent Khan a letter[12] explaining his discovery obligations and giving him two

5. weeks to serve his Rule 26(a)(1) disclosures and his responses to Adams's discovery

6. requests. (Affidavit of Heikkila, ¶9.) The letter notified Khan that if he failed to provide

7. the requested discovery by March 30, 2007, that Adams would **"assume that [he]**

8. **refuse[s] to participate in discovery, and file a motion to dismiss pursuant to Rule**

9. **37(d)."** (*Id.*, Exh. D (emphasis in original).)

10.        Apparently in response, Khan filed two motions on March 19, 2007. He filed a

11. "Motion for an EEOC Investigation" asking the Court for advice on how and where to

*(continued from previous page)*

with this Court and ask the Court to dismiss the case based on his failure to participate in discovery. (*Id.*, 14:13-15:3). Khan continued to refuse to answer the question, despite this caution. (*Id.*) Khan refused to sign standard employment releases so that Adams could obtain information from employers with whom Khan had apparently worked since leaving Adams in 2005. (*Id.*, 22:7-15; 26:9-11). Khan refused to answer questions regarding what he termed an improper investigation by the EEOC. (*Id.*, 31:7-21). He refused to provide a Social Security release for an earnings history until "after he consulted with an attorney." (*Id.*, 55:25-56:24). Khan even refused to answer whether he was married and whether any such person would be a witness, concluding it was his business and "Well, any judge will talk, I will answer." (*Id.*, 56:3-14). Khan refused to answer why he had reported in a news article that he would not work for "just $15/hour," and refused to answer questions generally about whether he was seeking monetary or other types of damages in this lawsuit. (*Id.*, 58:11-59:7; 60:22-61:9). Undersigned again cautioned Khan that she would advise the Court of his various refusals and would then ask the Court to dismiss this case because of his refusals, giving him one last opportunity to give full and complete testimony on the record. (*Id.*, 63:11-23). Khan persisted in his refusal "until he consulted with an attorney." (*Id.*)

[11] (Affidavit of Heikkila, Exh. B, 23:21-25:13): THE INTERPRETER: Mr. Khan, is being very disrespectful, and he used the word – the male organ, private organ, toward me as well as very contemptuous... (The witness speaks Urdu)... MS. HEIKKILA: Mr. Khan, you need to stop. Mr. Hassan, you don't need to mince [sic] with me. Please go ahead, for the record, and tell me what he said that was disrespectful to you...THE INTERPRETER: He say the slang derogatory to me – it's like when you say my dick, do you know what I mean?

[12] The letter was sent via email and U.S. Mail to Khan's email and street addresses of record. Khan has indicated that the best way to reach him is email. (Affidavit of Heikkila, Exh. B, 9:24-10:3 and 66:1-7).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 9 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. sue the EEOC, (Docket No. 41), and also filed a Motion to Show Cause, seeking
2. information on events regarding Larry Allen, but irrelevant to his employment
3. discrimination claims, (Docket No. 40).    On March 21, 2007, Adams filed its
4. consolidated opposition to Khan's March 19, 2007 motions. (Docket No. 42.)  By close
5. of business on March 30, 2007, Khan did not provide the requested discovery or even
6. respond to the March 16, 2007 letter. (Affidavit of Heikkila, ¶9.)

7. On April 3, 2007, counsel for Adams notified Khan that a discovery conference
8. was scheduled for Thursday, April 5, 2007, at 10:00 a.m. (Anchorage time). (Affidavit of
9. Heikkila, ¶10.)  Khan was instructed to call in to this conference, and notified that if he
10. did not attend the conference Adams would notify the Court that Khan failed to make a
11. good faith attempt to resolve the discovery issues without the Court's involvement. (*Id.*)
12. Khan did not attend the conference. (*Id.*)

13. On or about April 17, 2007, Adams served and filed a final witness list.
14. (Affidavit of Heikkila, ¶11.)  Khan neither filed nor served a final witness list. (*Id.*)
15. Instead, on May 31, 2007, Khan filed five separate motions, including his fourth request
16. for an interpreter. (Docket Nos. 49-53).  One of those motions appears to be a request for
17. a trial continuance based on Khan's desire to have more time to find an attorney. (Docket
18. No. 49).

19. Discovery closed on June 1, 2007, with a record almost devoid of discovery. This
20. motion follows.

### III. <u>EVIDENCE RELIED UPON</u>

22. This motion is supported by the affidavits of Carol Mutter and counsel of record,
23. Kara Heikkila, along with supporting exhibits.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 10 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

## IV.  POINTS AND AUTHORITY RELEVANT TO RELIEF REQUESTED

Khan's Complaint, deposition testimony, and Rule 36 admissions illustrate that Adams is entitled to summary judgment as a matter of law.  As the EEOC found, nothing in the record other than Khan's own self-serving speculation and conclusions support his claims.  Instead, the only evidence in the record is that Khan was fired based solely on his past criminal history.  Furthermore, Khan's refusal to participate in discovery and his continued violation of court orders justify dismissal pursuant to Civil Rules 37 and 41(b)(6).  Discovery closed on June 1, 2007, and Khan has not yet answered a single discovery request, named a single corroborating witness to his claims of discrimination, or provided any indication of the damages he is seeking.  This matter is ripe for dismissal based on the merits, on Khan's failure to prosecute, and on Khan's violation of the discovery rules.

### A.    Adams is Entitled to Summary Judgment as a Matter of Law on Khan's Employment Discrimination Claims.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any fact and that the moving party is entitled to a judgment as a matter of law." *T.W. Elec. Serv., Inc. v. Pacific Elc. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  Material facts are those relevant to an element of a claim or defense determined by the substantive law.  *Id.*  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The non-moving party must produce at least "some significant probative evidence tending to support the complaint."  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  "If the evidence is

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 11 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.

merely colorable, or is not significantly probative, summary judgment may be granted."

*Anderson*, 477 U.S. at 249-50.

3.
4.

### 1.    Adams is Entitled to Judgment as a Matter of Law Because Khan Cannot Establish a Prima Facie Case of Discrimination.

5.
6.
7.
8.
9.

Conjecture and conspiracy theories are insufficient to support Khan's discrimination claims. His claims contradict the undisputed facts that Adams hired him knowing his national origin, and continued to employ him following his work injury. Even if true Khan's allegations do not establish the prima facie case for either national origin discrimination or disability discrimination.

### a.    Khan Cannot Show the Prima Facie Case of Discrimination Based on National Origin.

10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.

At the summary judgment stage, the plaintiff bears the burden of production to "make out a prima facie case of discrimination." *Coghlan v. Am. Seafoods Co., LLC*, 413 F.3d 1090, 1093-94 (9th Cir. 2005). To meet this burden, plaintiff must show:[13] "(1) he belongs to a protected class, (2) he was qualified for the position he held . . ., (3) he was terminated . . ., and (4) the job went to someone outside the protected class." *Coghlan*, 413 F.3d at 1094. Defendant recognizes that Khan's burden to establish his prima facie case "is minimal and does not even need to rise to the level of preponderance of the evidence." *Coghlan*, 413 F.3d at 1094 (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)) (internal quotation marks omitted). Nonetheless, Khan cannot clear even this low barrier.

21.
22.
23.

For the sake of this motion only, Adams concedes that Khan is a member of a protected class (National Origin), that he was "qualified" to perform light industrial work,

24.

---

[13] This is known as the "*McDonnell Douglas*" framework. *See Coghlan*, 413 F.3d at 1093-94 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

25.
26.

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1. and that his employment was terminated. Nonetheless, there is no evidence that he was
2. replaced by "someone outside [his] protected class." When asked for evidence of this
3. factor Khan responded, "I'm sorry, I'm not a secretary." (Affidavit of Heikkila, Exh. B,
4. 47:4-6.) When further pressed, Khan acknowledged he had no examples of similarly
5. situated individuals who were treated differently on the basis of national origin.
6. (Affidavit of Heikkila, Exh. B, 47:4-21.) Accordingly, Khan cannot establish a prima
7. facie case of national origin discrimination and his case should be dismissed.

**b.    Khan Cannot Show a Prima Facie Case of Disability Discrimination Because His Alleged Injury Does Not Qualify as a "Disability" Under the ADA.**

10. Khan alleges that his termination violated the Americans with Disabilities Act
11. ("ADA"), 42 U.S.C. § 12101 *et seq*. The ADA prohibits employment discrimination
12. "against a qualified individual with a disability" based on the "disability." 42 U.S.C.
13. § 12112(a). To establish a prima facie case of disability discrimination, the plaintiff must
14. show that (1) she "is a qualified individual with a disability;" (2) that "suffered an adverse
15. employment action;" (3) "because of his disability." *Sanders v. Arneson Prods., Inc.*, 91
16. F.3d 1351, 1353 (9th Cir. 1996).

17. "Disability" is a term of art under the ADA. *Sanders*, 91 F.3d at 1354 n.2. To be
18. a "qualified individual with a disability," the plaintiff's physical impairment must meet
19. the ADA definition of "disability." *Sanders*, 91 F.3d at 1353. A "disability" is a:

> (A) a physical or mental impairment that substantially
> limits one or more of the major life activities of the
> individual; (B) a record of such impairment; or (C) being
> regarded as having such an impairment.

42 U.S.C. § 12102(2).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 13 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.   Three factors considered "in determining whether an individual is substantially
2.   limited in a major life activity [are]: '(i) The nature and severity of the impairment;
3.   (ii) The duration or expected duration of the impairment; and (iii) The permanent or long
4.   term impact, or the expected permanent or long term impact of or resulting from the
5.   impairment.'" *Sanders*, 91 F.3d at 1354 (quoting 29 C.F.R. § 1630(j)(2)).

6.   "Several courts have held that a temporary injury with minimal residual effects
7.   cannot be the basis for a sustainable claim under the ADA." *Sanders*, 91 F.3d at 1354
8.   (listing cases).   There, the Ninth Circuit determined that the plaintiff's temporary
9.   psychological impairment following his treatment for cancer, did not qualify as a
10.  disability under the ADA. *Sanders*, 91 F.3d at 1353-54 (affirming summary judgment on
11.  behalf of employer).  In *Sanders*, the plaintiff's impairment required a three-month leave
12.  from work. *Sanders*, 91 F.3d at 1352.  Here, Khan was immediately released to work
13.  light duty, and Adams immediately provided light duty work until it discovered Khan's
14.  criminal history prevented it from further employing him.  Critically, Khan testified that
15.  he has "never" been told that these problems were permanent.  (Affidavit of Heikkila,
16.  Exh. B, 41:9-18.)  And by failing to respond to Requests for Admissions, he has admitted
17.  that his claimed injuries do not now, nor have they ever, substantially limited his ability
18.  to perform one or more life activities. He further admits that Adams did not perceive him
19.  to have a disability.  Finally, he admits that Adams did not discriminate against him "on
20.  the basis of any actual record or perceived disability."

21.   Even without his testimony and admissions, Khan cannot show, as a matter of
22.  law, that he is "disabled."  From the facts and allegations, Khan's claim is apparently

23.
24.
25.

26.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
     OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
     *Izaz Khan v. Adams & Associates*
     Case No. 06-00095 TMB – Page 14 of 27

1. based on his limitation to light duty.[14]  Work is a recognized "major life activity," but

2. lifting restrictions, even if permanent, are not "substantially limiting" for purposes of an

3. ADA claim.  *Thompson v. Holy Family Hospital*, 121 F.3d 537, 540 (9th Cir. 1997) (per

4. curiam) (listing cases).

5.     When the life activity is working,

6.         substantially limits means significantly restricted in the
        ability to perform either a class of jobs or a broad range of
7.         jobs in various classes as compared to the average person
        having comparable training, skills and abilities.  The
8.         inability to perform a single, particular job does not
        constitute a substantial limitation in the major life activity
9.         of working.

10. 29 C.F.R. § 1630.2(j)(3)(i).

11.     Khan alleges that once he could no longer do heavy lifting, Adams terminated

12. him.  (Affidavit of Heikkila, Exh. B, 43: 8-11).  Even if true, his inability to perform

13. heavy lifting does not support a disability claim.  In *Thompson*, the plaintiff was

14. permanently restricted "from lifting more than 25 pounds on a continuous basis, more

15. than 50 pounds twice a day, and more than 100 pounds once a day."  121 F.3d at 539.

16. The Ninth Circuit held this restriction did not substantially limit the plaintiff's ability to

17. work.  *Id.*

18.     Khan acknowledges that he is currently qualified and able to work as a delivery

19. driver, commercial driver, and as a dishwasher.  (Affidavit of Heikkila, Exh. B, 19:24 –

20. 20:5; 42:3-8.)  Accordingly, Khan's restriction to light duty does not substantially limit

21. his ability to work, and Khan cannot show that he is "disabled" under the ADA.

22.

23. ─────────────────

24. [14] The EEOC investigator noted this important issue of timing, as Khan was terminated prior to anyone
saying, if they ever did, that Khan was disabled.  (Affidavit of Heikkila, Exh. A, p.28)

25.

26. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 15 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.  Finally, even if Khan was protected under the ADA, he was not fired due to his
2.  injury. Adams gave him light duty work following the alleged injury. It was only after
3.  Adams reviewed his criminal history that it determined that company policy prohibited
4.  Khan's continued employment. When asked whether he knows of any other individuals
5.  who were fired based on their disability, Khan responds, "I am. I am their worker. I'm
6.  not their secretary, in this regard." (Affidavit of Heikkila, Exh. B 42:21-24.) The only
7.  proof he offers is "my face – my injury, my face. This is the biggest proof if somebody
8.  should be terminated or fired." (Affidavit of Heikkila, Exh. B, 44:3-8.)

9.  Though he named Larry Allen, his friend Bea, and Bea's husband as witnesses, he
10. acknowledges that they are witness only to his injury, not discrimination. (Affidavit of
11. Heikkila, Exh. B, 44:19-45:12). Proof of an injury, an adverse employment decision, and
12. a theory of conspiracy are insufficient to survive summary judgment, and Khan's ADA
13. claim should be dismissed.

### 2. Adams Terminated Khan's Employment for a Legitimate, Non-Discriminatory Reason.

16. Even if Khan could establish a prima facie case of employment discrimination, the
17. undisputed facts illustrate that Adams terminated him based on his criminal history, not
18. his national origin or alleged disability.

19. Once the plaintiff establishes a prima facie case of disability or national origin
20. discrimination, the burden shifts to the employer to "present evidence sufficient to permit
21. a factfinder to conclude that the employer had a legitimate, nondiscriminatory reason for
22. the adverse employment action." *Coghlan*, 413 F.3d at 1094 (national origin); *Snead v.*
23. *Metropolitan Prop. Cas. Ins. Co.*, 237 F.3d 1080, 1091-94 (applying *McDonnell Douglas*
24. burden-shifting analysis in disability discrimination case); *Goodwin v. Hunt Wesson, Inc.*,

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 16 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.   150 F.3d 1217, 1220 (9th Cir. 1998) (burden to "articulate" non-discriminatory reason).

2.   If this burden is met, then the full burden rests on the plaintiff to persuade "the factfinder

3.   that the employer intentionally discriminated against him." *Coghlan*, 413 F.3d at 1094.

4.        Khan admits that he was terminated based solely on his criminal history, not his

5.   alleged disability or national origin.  (Affidavit of Heikkila, Exh. C, p.7 Requests for

6.   Admission No. 13.)  He was hired by Adams and received regular work assignments,

7.   including light duty, up and until Adams received his criminal history.  Khan concedes

8.   the accuracy of the criminal history report, which included a felony perjury charge, and

9.   several violent and non-violent misdemeanor charges.    Khan cannot dispute that

10.  continuing to employ Khan would have violated company policy, and criminal history

11.  was the reason given at the time he was fired.  Without explanation, Khan apparently

12.  believes he was entitled to exceptional treatment – continued employment in violation of

13.  the company policy.  As the EEOC determined, Khan's criminal history is a legitimate,

14.  non-discriminatory reason for his termination.

15.        **3.    No Evidence Exits to Show Adams's Proffered Reason Was Pretext.**

16.        Once the employer presents a legitimate, non-discriminatory reason for the

17.  adverse employment decision, the full burden shifts back to the plaintiff to prove that

18.  defendant's proffered reason was pretext for discrimination.  *Coghlan*, 416 F.3d at

19.  1094-95.  To survive summary judgment, the plaintiff "must demonstrate a genuine issue

20.  of material fact as to pretext." *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1437 (9th

21.  Cir. 1990).  The pretext stage requires the plaintiff to produce evidence in addition to her

22.  prima facie case, "to rebut the defendant's showing." *Godwin*, 150 F.3d at 1220.  The

23.  plaintiff has the burden of persuasion to show that the proffered reason was false and

24.

25.

26.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
     OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
     *Izaz Khan v. Adams & Associates*
     Case No. 06-00095 TMB – Page 17 of 27

1. intentional discrimination "was the real reason" for the adverse employment decision. *St.*

2. *Mary's Honor Center*, 509 U.S. at 515-16.

3. Pretext may be shown "using either direct or circumstantial evidence." *Coghlan*,

4. 416 F.3d at 1094-95. "Direct evidence typically consists of clearly sexist, racist, or

5. similarly discriminatory statements or actions <u>by the employer</u>." *Coghlan*, 416 F.3d at

6. 1095 (emphasis added). At the summary judgment phase, "direct evidence" must prove

7. "the fact of discriminatory animus without the need for substantial inference." *Coghlan*,

8. 416 F.3d at 1096 n. 8 (noting that evidence that employer chose less-qualified individual

9. for position is not "direct" evidence of discrimination at the summary judgment stage).

10. Direct evidence, if available, need not be substantial to create a triable issue regarding the

11. employer's actual motivation. *Godwin*, 150 F.3d at 1221.

12. In *Godwin*, the Ninth Circuit held a superior's comment to a third party, that he

13. "did not want to deal with another female" was sufficient to create a triable issue of fact

14. regarding his actual reason for not promoting the plaintiff. *Id.* at 1221. This comment

15. was direct evidence suggesting the "existence of bias and no inference [was] necessary to

16. find discriminatory animus." *Godwin*, 150 F.3d at 1221. The plaintiff there also

17. presented evidence of derogatory comments by the defendant's president at company

18. meetings, company outings that were restricted to male employees, and testimony from

19. another female employee that she was given a "gag" gift containing sexually offensive

20. materials. *Godwin*, 150 F.3d at 1221. Based on this evidence, the court concluded that

21. the plaintiff has presented sufficient direct evidence to create a triable issue of fact.

22. *Godwin*, 150 F.3d 1221.

23. On the other hand, the Ninth Circuit determined that a comment by the plaintiff's

24. supervisor that "[w]e don't necessarily like grey hair," was "at best weak circumstantial

25.

26. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 18 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

evidence of discriminatory animus toward" the plaintiff in an age discrimination case. *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (per curiam).

Khan has produced no direct evidence of discriminatory statements or actions by anyone involved in the decision to terminate his employment. In his deposition, Khan alleged for the first time that he had been subjected to racist statements,[15] made not by his employer but by "men and boys" at undisclosed work sites. (Affidavit of Heikkila, Exh. B, 32:8-9). Khan could not name any of the offending individuals, or a single corroborating witness. (*Id.*, 36:1-4.)

That Khan may have suffered some racist comments while working off-site in a temporary position does not detract from the fact that Adams continued to place him in temporary positions up and until it received his criminal history report. Furthermore, Khan has offered no specific evidence of when these incidents occurred, or related them in any way to the termination of his employment. A random, unrelated act by an unnamed individual is insufficient to create a question of fact regarding the employer's actual reason for terminating the plaintiff. *See Merrick*, 892 F.2d at 1437-38 (affirming summary judgment for employer after rejecting the plaintiff's pretext arguments). Additionally, Khan's "uncorroborated and self-serving" testimony, alone, does not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061

---

[15] Khan made no allegations of racist comments from co-workers in his pre-complaint questionnaire, his Charge of Discrimination, his November 7, 2005 letter to the EEOC, or his Complaint in this lawsuit. Nor is it reflected in the Record of Intake Interview. In all of these documents Khan's claims of discrimination are limited to his termination on July 15, 2005. This new claim of discriminatory treatment is "not like or reasonably related" to his claim in his EEOC charge, "so as to sufficiently exhaust [his] administrative remedies." *Freeman*, 291 F.3d at 637. This new claim involves different dates, different acts, different people, and a different location than the events described in the charge. *Accord B.K.B.*, 276 F.3d at 1100. Khan has failed to exhaust his administrative remedies regarding any alleged discrimination, unrelated to his termination, that occurred on any day other than July 15, 2005, therefore this Court lacks subject matter jurisdiction to consider this claim. *Freeman*, 291 F.3d at 638.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 19 of 27

**HOLMES WEDDLE & BARCOTT**
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

(9th Cir. 2002). Therefore, Khan has produced no direct evidence of pretext, and must rely on circumstantial evidence, if any, to establish a triable issue of fact regarding pretext.

"Circumstantial evidence . . . requires an additional inferential step to demonstrate discrimination." *Coghlan*, 416 F.3d at 1095 (internal citations omitted). In order to survive summary judgment, the plaintiff can use statistical evidence to show bias, or show that the proffered reason for termination is "unworthy of credence." *Coghlan*, 416 F.3d at 1095 (internal citations omitted). "[C]ircumstantial evidence must be '*specific and substantial*' to defeat the employer's motion for summary judgment." *Coghlan*, 416 F.3d at 1095-96 (emphasis added).

To support his claim, Khan states "[m]y face, my tongue . . . my everything is witness of this. . . . And my accent." (Affidavit of Heikkila, Ex. C, 39:15-19.) Khan also speculates that he was given harder or dirtier jobs, based on his national origin. (Affidavit of Heikkila, Ex. C, 35:6-11.) He has offered no "specific [or] substantial" evidence to show that he was treated differently on the basis of national origin or disability. Khan's national origin was apparent at the time he was hired, and he continued to receive work assignments following his injury. Khan has provided no evidence to show that Adams's proffered reason is "unworthy of credence." Accordingly, Khan's claims cannot survive summary judgment.

**B.     Dismissal is an Appropriate Sanction for Khan's Failure to Prosecute this Lawsuit.**

Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or claim against the defendant. Unless the court in its order for dismissal otherwise

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 20 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

> specifies, a dismissal under this subdivision and any
> dismissal not provided for in this rule, other than a
> dismissal for lack of jurisdiction, for improper venue, or for
> failure to join a party under Rule 19, operates as an
> adjudication on the merits.

Fed. R. Civ. P. 41(b). "A party may move for a dismissal for failure to prosecute at any time." LR 41.1(b)(2).

"Dismissal for failure to prosecute is reviewed for abuse of discretion." *Johnson v. U.S. Dept. of the Treasury*, 939 F.2d 820, 825 (9th Cir. 1991). In considering a motion to dismiss, the district court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These are not "conditions precedent" to dismissal, but rather a road map for analyzing a motion to dismiss. *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (en banc) (quoting *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990) (addressing the factors in the context of a Rule 37 dismissal sanction).

### 1.    Interest in Expeditious Resolution of Litigation.

"As we have indicated before, the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Khan's continued violations of the Court's scheduling order, his refusal to answer deposition questions and discovery, and his meritless motion practice, have all obstructed expeditious resolution of this case. This factor supports dismissal.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 21 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

### 2.    Court's Need to Manage its Docket.

The trial court is in "a superior position to evaluate the effects of delay on her docket." *Yourish*, 191 F.3d at 991. Although he contends he is seeking counsel, this case was filed on May 16, 2006, and there is no indication that plaintiff has obtained counsel. Meanwhile, Khan's tactics stall resolution and burden the docket.

To date, Khan has filed twenty-two motions and not a single discovery response. At least four of the fifteen motions, including one filed March 19, 2007, attempt to draw Larry Allen into this case. Four of the fifteen seek the appointment of an interpreter. Khan is undeterred by the Court's prior definitive rulings on these issues and its recent directive to Khan to stop filing these motions. In fact, whenever he is informed of his procedural obligations, Khan files more motions, usually relating to Larry Allen's approach to moving furniture. Until this case is dismissed, Khan will continue to burden the docket with duplicative, meritless motions, while avoiding his obligations. This factor supports dismissal.

### 3.    Risk of Prejudice to Defendant.

"[T]he cases focus on whether any aspect of the delay prejudiced the defendants." *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983) (reversing dismissal because the record lacked any showing of prejudice to the defendant and court failed to warn plaintiff of risk of dismissal). Discovery closed June 1, 2007. In his deposition, Khan refused to answer specific questions regarding damages, past employment, witnesses, and refused to sign releases so that Adams could conduct its own investigation.

In spite of Khan's tactics, Adams has worked diligently towards resolution of this matter by providing an Urdu interpreter at Khan's deposition, by preparing a draft joint status report (normally the plaintiff's duty) in anticipation of the scheduling conference,

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 22 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

by allowing Khan to reschedule his deposition, by sending him correspondence explaining his court ordered and rule sanctioned obligations, and responding to Khan's meritless, duplicative motions. In response to these attempts, Khan filed more motions. Adams has spent considerable time and effort defending this lawsuit, only to find itself in an impossible position to defend itself in light of a lack of discovery. Accordingly, this factor supports dismissal.

### 4.    Public Policy Favoring Disposition on the Merits.

Although public policy does favor disposition on the merits, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (en banc). "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* Khan has violated every deadline to date and has not complied with a single discovery obligation, other than a minimal showing at a rescheduled deposition. Furthermore, as discussed *supra*, Khan's case is without merit. This factor supports dismissal.

### 5.    Less Drastic Alternatives.

Failure to attempt less drastic alternatives prior to dismissing the case is not an abuse of discretion, where the other factors support dismissal. *Yourish*, 191 F.3d at 992 (affirming dismissal because three out of five factors strongly supported dismissal). "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (affirming district court's sua sponte dismissal for failure to prosecute, following

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 23 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

plaintiff's repeated failures to meet court ordered deadlines). "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1229. Due to the harsh realty of a 41(b) dismissal, district courts "have an 'obligation to warn the plaintiff that dismissal is imminent.'" *Johnson*, 939 F.2d at 825 (quoting *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498 (9th Cir. 1987)).

Following Plaintiff's failure to attend the October 4, 2006 status conference, this Court issued an Order on October 11, 2006, stating that "**[p]laintiff is advised that he risks dismissal of this matter for failure to prosecute if he does not participate in scheduled hearings and motion practice in this matter. LR 41.1(b)(2)."** (Docket No. 32 (emphasis in original).) On October 18, 2006 the Court issued its Scheduling and Planning Order. (Docket No. 33.) As stated above, Khan has ignored every court ordered deadline to date. For that matter, he has ignored every single court order to date. The "extreme circumstances" in this case justify the "harsh penalty" of dismissal. *Henderson*, 779 F.2d at 1423.

## C. Discovery Sanctions.

"The imposition of discovery sanctions pursuant to Fed. R. Civ. P. 37 is also reviewed for abuse of discretion." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990). Rule 37(b)(2)(C) provides:

> If a party . . . fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . .

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 24 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

3.     The five factors addressed in the previous section are also considered in

4. addressing a motion for dismissal sanctions based on Rule 37, and support dismissal. *See*

5. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

6.     Local Rule 37.1(b) requires the district court to consider these additional factors:

7.
8.
> [1] the nature of the violation, including the willfulness of the conduct, and the materiality of the information the party refused to disclose;

9.
> [2] the prejudice to the opposing party;

10.
11.
> [3] the relationship between the information the party refused to disclose and the proposed sanction;

12.
> [4] whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and

13.
14.
> [5] other factors deemed appropriate by the court or required by law.

15.     Dismissal under this rule requires the court to find the party acted willfully in

16. violating its discovery obligations. LR 37.1(c). The Certification of Attempt to Confer

17. required by Local Rule 37.1(a) is contained in the Affidavit of Heikkila, ¶12. As noted

18. above, Khan refused to cooperate in the 26(f) conference, and then failed to attend the

19. court-ordered scheduling conference on October 4, 2006. On October 18, 2006, the Court

20. issued its scheduling order. Since October 18, 2006, Khan has ignored every deadline in

21. the case schedule. Khan's refusal to participate in discovery makes it impossible for

22. Adams to prepare for trial. Based on Khan's past disregard for court orders, it is unlikely

23. that a lesser sanction would deter future violations. Finally, Khan's violations of the

24. 26(f) order are willful. In addition to the court's order, Adams sent Khan notice on

25.
26. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 25 of 27

1.   March 16, 2007, explaining his obligations and seeking compliance. When Khan failed

2.   to respond to the March 16, 2007, letter, undersigned scheduled a teleconference for

3.   April 5, 2007, provided Khan with its toll-free telephone number, and asked for notice if

4.   he needed to reschedule. Khan failed to attend the April 5, 2007 conference.

5.       Khan's discovery violations are willful, and dismissal is appropriate.

6.                    **V.  CONCLUSION**

7.       The undisputed facts of this case entitle Adams to summary judgment as a matter

8.   of law. Furthermore, Khan's continued violations of court orders and the Civil and Local

9.   Rules make dismissal an appropriate sanction under the rules and Ninth Circuit

10.  precedent. A proposed order is attached.

11.      DATED this _____ day of June, 2007.

12.                              HOLMES WEDDLE & BARCOTT

13.

14.

15.                              Kara Heikkila, ASBA #0410059
                                 999 Third Avenue, Suite 2600
16.                              Seattle, Washington 98104
                                 Telephone: (206) 292-8008
17.                              Facsimile:  (206) 340-0289
                                 Email:    kheikkila@hwb-law.com
18.                              Attorney for Defendant

19.

20.

21.

22.

23.

24.

25.

26.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
     OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
     *Izaz Khan v. Adams & Associates*
     Case No. 06-00095 TMB – Page 26 of 27

CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury
of the laws of the State of Washington that, on the
_____ 8 _____ day of _____ June _____, 2007,
the foregoing was electronically filed with the Clerk
of Court using the CM/ECF system.
The undersigned certifies under penalty of perjury of the
Laws of the State of Washington that, on the _____ 8 _____ day
Of _____ June _____, 2007, the foregoing was served on
The plaintiff via DHL to the following:

Izaz Khan
2823 Tudor Road
Anchorage, AK 99507


_____
Kara Heikkila

G:\4831\21077\Pldg\SummaryJudgment Motion 6.07.doc

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DISMISSAL OF ALL CLAIMS
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB – Page 27 of 27

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008