Kara Heikkila
HOLMES WEDDLE & BARCOTT
999 Third Avenue, Suite 2600
Seattle, Washington 98104
(206) 292-8008
Facsimile:(206) 340-0289
Email: kheikkila@hwb-law.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

IZAZ KHAN,

                    Plaintiff,

    v.

ADAMS & ASSOCIATES,

                    Defendant.        Case No. 06-00095-TMB

### [PROPOSED] ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR DISMISSAL OF ALL CLAIMS

1. Defendant Adams & Associates ("Adams") filed this dispositive motion under Fed. R. Civ. P. 56(c), or for alternative relief and dismissal of all claims under Fed. R. Civ. P. 37(b)(2)(C) and Fed. R. Civ. P. 41(b)(6). Adams argues that the undisputed facts demonstrate that Plaintiff Izaz Khan ("Khan") has failed as a matter of law to establish his claims of employment discrimination because of his national origin and alleged disability. Alternatively, Adams argues that Khan has failed to participate in discovery and has failed to meet a single established case schedule deadline set by this Court. As such, Adams asserts that this failure provides this Court with an additional or alternative basis for dismissal of all claims.

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 1 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

2.  Khan filed this employment discrimination claim on April 26, 2006, alleging he was fired by Adams because of his national origin and alleged disability.  Discovery in this matter closed on June 1, 2007, as established by the Scheduling and Planning Order dated October 18, 2006.    This motion is timely before the Court for review.

3.  Khan worked for Adams as a temporary employee and alleged that he suffered a work injury on June 11, 2005.  Adams asserts that Khan did not report this injury until July 7, 2005, at which time Khan was released for light duty with Adams, his employer.

4.  Adams is a subsidiary of SOS Staffing Services, Inc., which has an established policy regarding background checks and screening for its employees.  The Anchorage branch of Adams was notified in June 2005 that any light-duty personnel working temporarily at its branch office needed both criminal and drug screening based on the sensitive nature of information that they may review at that office.

5.  Khan and all other light duty personnel working at the branch office in Anchorage were subsequently asked under release to complete criminal background checks.  Khan's criminal background noted a number of convictions that eliminated him from continued employment.    He and four other employees were subsequently terminated, after notice and an opportunity to contest the findings.  Khan did not contest those findings and he was terminated on July 15, 2005.

6.  Khan then filed a charge of discrimination against Adams with the EEOC and Alaska State Commission for Human Rights, asserting that he was fired based on his national origin and disability.  The state charge was dismissed as untimely and the federal charge was dismissed with a finding that after an investigation the agency was unable to determine that any violation of the various statutes occurred in this case.  The EEOC issued its Notice of Dismissal and Right to Sue letter on April 19, 2006.

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 2 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

7.  Khan, proceeding *pro se*, timely filed this lawsuit on April 26, 2006.

8.  After this lawsuit was filed, Khan then filed a series of motion regarding various matters, including a request for an interpreter, a request for counsel, and a request to add a party, Larry Allen.  As to Larry Allen, this Court issued an order to show that he had exhausted his administrative remedies as to this potential individual.  When Khan failed to do this, that motion was denied.  Khan's various other motions were denied based on this Court's lack of resources to appoint counsel in civil matters and because Khan could provide for his own interpreter as needed.

9.  A scheduling conference took place on October 4, 2006, with counsel for Adams present.  Khan failed to appear for this scheduling conference.  Khan had additionally filed motions for extensions of time, which were subsequently denied.  At that time, this Court advised Khan in writing that he risked dismissal of this matter for failure to prosecute.

10.  According to the affidavits and materials provided by way of this motion, Khan has failed to answer interrogatories and requests for production, which were served on him on November 1, 2006.  Khan also failed to respond to Defendant's First Set of Requests for Admissions on Khan, also served on November 1, 2006.  Those requests asked Khan to admit various matters regarding liability and damages in this case.

11.  Adams was required to twice schedule Khan's deposition, and the transcript of that deposition was provided in the affidavits and materials in support of this motion.  That transcript demonstrated that Khan repeatedly refused to answer various questions on liability and damages.  Khan otherwise failed to provide Adams with any information in support of his various claims, other than his own conclusions and speculation regarding discrimination based on his national origin and disability.

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 3 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

12. Additionally, the affidavits and materials provided in support of this motion demonstrate that Khan has failed to meet any of his obligations under the case schedule, including service of witness lists, expert lists, etc. Other than his deposition, Khan has not participated in any discovery or prosecution of this matter. He has not obtained counsel in the year since the filing of this lawsuit and has used this as his basis for refusing to answer various matters in discovery.

13. Khan has failed to establish a prima facie case of discrimination based on national origin. During his deposition, Khan failed to answer questions with respect to whether he was replaced by someone outside of his protected class, national origin, and failed to provide evidence of similarly situated individuals who were treated differently on the basis of their national origin. Khan merely concludes that the fact of his national origin forms the basis of this claim, which it does not. As such, and in the absence of material facts in dispute on this claim, it must be dismissed as a matter of law.

14. Khan has also failed to establish a prima facie case of discrimination based on his alleged work injury. Here, as the EEOC found, Khan was fired prior to any allegation that his temporary condition was a disability as defined under the Americans with Disabilities Act. Temporary conditions do not qualify as a disability. Khan testified in his deposition that he has never been told that his work injury was a permanent problem. According to requests for admissions, and his deposition testimony, Khan is not substantially limited in his major life activities, as he is able to work in several occupations. Again, in the absence of material facts in dispute on this claim, it too must be dismissed as a matter of law.

15. Additionally, this Court finds that dismissal under Fed. R. Civ. Pro. 41(b) is an appropriate sanction for Khan's failure to prosecute this lawsuit over the last year.

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 4 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

1.
2.
3.
4.
5.
6.
7.
8.

According to the affidavits filed with this motion, and consistent with this Court's own involvement with this matter, Khan has failed to answer discovery, failed to answer requests for admissions, and failed to answer questions in the twice-scheduled deposition in this matter. He failed to participate in the case scheduling conference and has failed to meet any of the established case schedule deadlines in this matter. Discovery has now closed and Khan now requests a trial continuance in order to find legal counsel. This Court believes Khan has had the last year to make such effort and does not condone the waste of time these delays have cost the court and defendant in this matter.

9.
10.
11.
12.
13.

16. Khan further defied this Court's order when he continued to file repeat and duplicative motions, despite a clear order to stop such filings. Khan was cautioned in writing on October 11, 2006, that he risked dismissal for failure to prosecute this case. This Court believes a less drastic alternative does not exist and dismissal is an appropriate sanction for this ongoing conduct.

14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.

17. Finally, this Court finds that Fed. R. Civ. P. 37 and LR 37.1(b) provide an additional basis for dismissal based on Khan's willful violation of his discovery obligations. As noted, he failed to cooperate in this Court's Rule 26(f) conference, and has ignored every deadline in the case schedule since then. Based on a review of his deposition transcript, it is clear that Khan's actions are willful, as he repeatedly refused to answer questions regarding basic discovery matters on alleged liability and damages, despite being cautioned in that deposition that a request for dismissal would follow, and despite being given one final opportunity to answer various questions. Khan failed to respond to defense counsel's request to participate in a discovery conference to resolve the many outstanding discovery matters prior to the close of discovery, and again refused.

25.
26.

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 5 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008

18.  Based on this Court's review of the record and pleadings to date, along with this motion and its supporting affidavits, this Court GRANTS Adams's Motion for Summary Judgment or in the Alternative for Dismissal and DISMISSES all claims in this matter with prejudice.

Done in Open Court this _____ day of _____, 2007.


_____
The Honorable Timothy Burgess
United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury
of the laws of the State of Washington that, on the
_____ 8 day of ╲ﾘﾙﾙ_____, 2007,
the foregoing was electronically filed with the Clerk
of Court using the CM/ECF system.
The undersigned certifies under penalty of perjury of the
Laws of the State of Washington that, on the ____ 8 day
Of ╲ﾘﾙﾙ_____, 2007, the foregoing was served on
The plaintiff via DHL to the following:

Izaz Khan
2823 Tudor Road
Anchorage, AK 99507

_____
Kara Heikkila
G:\4831\21077\Pldg\Proposed Order MSJ.doc

[Proposed] Order on Defendant's Motion For Summary Judgment
Or in The Alternative For Dismissal of All Claims
*Izaz Khan v. Adams & Associates*
Case No. 06-00095 TMB - Page 6 of 6

HOLMES WEDDLE & BARCOTT
999 THIRD AVENUE, SUITE 2600
SEATTLE, WASHINGTON 98104-4011
TELEPHONE (206) 292-8008