

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Seattle Field Office

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

September 12, 2006

*RECEIVED*
*SEP 1 3 2006*
*HW & B - SEATTLE*

Gina Santopolo
HAOMES WEDDLE & BARCOTT
Wells Fargo Center
999 Third Avenue, Suite 2600
Seattle, WA 98104

**In Reply Refer to:**
   **FOIA NUMBER:**       A6-04-FOIA-272-SE
   **CHARGE NUMBERS:**    380-2005-03117
   **CHARGE PARTIES:**    **Izaz Khan v. Adams & Associates (Temporaries)**

Dear Ms. Santopolo:

Your Freedom of Information Act (FOIA) request dated August 24, 2006 was received on August 29, 2006. You seek copies of all documents compiled by this agency in the investigation of the charge filed by Izaz Khan against Adam & Associates (Temporaries).

Your request is granted in part and denied in part. The identity of the documents denied follows the explanation of the exemption which allows the document to be withheld.

The documents listed hereafter are being withheld pursuant to the fifth exemption to the FOIA, 5 U.S.C. Section 552(b)(5). The fifth exemption to the FOIA allows an agency to withhold inter-agency and intra-agency memoranda or records which would not be available by law to a party other than an agency in litigation.

   **WITHHELD pursuant to (b) (5):**
   1. Investigators Work Product (4/18/06)                                          1 Page
   2. Batching Committee Review Form (2/27/06)                                      1 Page
   3. Enforcement Managers Work Product (undated)                                  1 Page
   4. Emails from Enforcement Supervisor to Enforcement Clerk (3/27 & 4/7/06)      2 Pages
   5. REDACTED: Portions of the Administrative File containing
      deliberative processing information.

The copies of documents to which access is granted are enclosed.

If you wish to appeal the partial denial of your request, you may do so within 30 days after receipt of this letter by writing to:

   Assistant Legal Counsel/FOIA Programs
   Office of Legal Counsel
   U.S. Equal Employment Opportunity Commission
   1801 "L" Street, N.W.
   Washington, D.C. 20507

Exhibit A, p. 1 of 148

You must attach a copy of this letter to your appeal letter.  Your appeal will be governed by the provisions of 29 C.F.R. Section 1610.11.

Sincerely,

Kathryn Olson
Supervisory Trial Attorney

Enciosures:  "Explanation of Exemptions"

Exhibit A, p. 2 of 148

# FREEDOM OF INFORMATION ACT
## EXPLANATION OF EXEMPTIONS

The following subsections of Title 5, United States Code, Section 552(b), describe the types of records that are exempt from disclosure under the Freedom of Information Act:

(2)    Materials related solely to the internal rules and practices of the EEOC.  This exemption permits withholding of administrative information because the release of the data would be an unwarranted administrative burden.

(3)    Information specifically exempted from disclosure by statute.

• Section 706(b) of **Title VII of the Civil Rights Act of 1964** prohibits charges or anything said or done during informal EEOC efforts in resolving charges from being made public.  Section 709(e) prohibits disclosure of information obtained in EEOC investigations or information obtained from employer compliance with the Commission's reporting requirements prior to the institution of a Title VII lawsuit involving that information.

• Section 107 of the **Americans with Disabilities Act (ADA) of 1990** (42 U.S.C. 12117) explicitly adopts the powers, remedies, and procedures set forth in sections 706 and 709 of Title VII.  Accordingly the prohibitions on disclosure contained in sections 706 and 709 of Title VII apply with equal force to requests for information related to charges filed with the Commission under the ADA.

(4)    Privileged or confidential information involving commercial or financial matters the disclosure of which would likely cause competitive injury or would hamper our ability to obtain the information in the future.

(5)    Interagency or intraagency documents that are unavailable through discovery in litigation; or documents that if disclosed would inhibit the development of policy and administrative direction; or that represents the work product of an attorney client relationship.   The exemption covers internal communications that are deliberative in nature.  Records may be withheld under exemption if they were prepared prior to an agency's decision and for the purpose of assisting the agency decisionmaker.

(6)    Materials containing information applicable to a specific individual if disclosure would constitute a clearly unwarranted invasion of personal privacy as balanced against the public interest in disclosure.

(7)    Records of information complied for law enforcement purposes, the disclosure of which could reasonably be expected to: (A) interfere with law enforcement proceedings, including pending administrative action; (C) constitute an unwarranted invasion of the personal privacy of another person; or (D) reveal the identity of an individual who furnished information to the EEOC under confidential circumstances.

Exhibit A, p. 3 of 148

## EXEMPTION 5

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC,* 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.,* 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services,* 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring,* 21 F.3d 465,468 (D.C. Cir. 1994). *See also, Greyson v. McKenna & Cuneo and EEOC,* 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission,* 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. *See Mapother, Nevas, et al. v. Dept of Justice,* 3 F.3d 1533 (D.C. Cir. 1993).

## EXEMPTION 7(A)

Exemption 7(A) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(A) (1982), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . .

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *General Electric Co. v. United States EPA*, 18 F.Supp.2d 138, 143 (D. Mass. 1998). Premature disclosure of records compiled during an agency investigation will allow requester to know the possible nature, scope, direction, and limits of the investigation. *J.P.Stevens & Co. v. Perry,* 710 F. 2d 136, 143 (4th Cir. 1983); *Hambarian v. Commissioner of IRS*, No. CV 99-9000, 2000 WL 637347 (C.D. Cal. Feb. 16, 2000). Release of statements by witnesses creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dept. of Justice*, 51 F.3d 1158, 1164 (3[d] Cir. 1995). Exemption 7(A) applies "until . . . all reasonably foreseeable administrative and judicial proceedings are concluded." *Service Employees Int. Union, AFL-CIO v. GSA*, No. 97 Civ.8509, 1998 WL 726000 (S.D.N.Y. Oct. 15, 1998); *Southern Baptist Hospital v. Equal Employment Opportunity Comm'n*, 28 Empl. Prac. Dec. ¶ 32,585 at 24,642 (E.D. La. 1982).

**EXEMPTION 7(D)**

Exemption 7(D) to the Freedom of Information Act (FOIA), 5 U.S.C.§ 552(b)(7)(D), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source . . . .

The goal of this exemption is to protect the ability of law enforcement agencies to obtain the cooperation of persons having relevant information and who expect a degree of confidentiality in return for their cooperation. *McDonnell v. United States*, 4 F.3d 1227, 1258 (3d Cir. 1993).

Courts have recognized that the first clause of Exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, *see Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359-60 (3d Cir. 1985), but also information which would "tend to reveal" the source's identity, *Pollard v. F.B.I.*, 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under Exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6267, 6291. *See Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803, 814 (9th Cir. 1995) ("an express promise of confidentiality is virtually unassailable"); *Jones v. FBI*, 41 F.3d 238, 248 (6th Cir. 1994) (sources who spoke with express assurances of confidentiality are always "confidential" for FOIA purposes). An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. *See, e.g., Grand Cent. Partnership v. Cuomo*, 166 F.3d 473, 486 (2d Cir. 1999).

# CASE LOG

| Charge No.<br><br>IMS # 380-2005-03117N | Respondent<br><br>**Adams Temporaries** | Charging Party<br><br>**Khan, Izaz** |
|---|---|---|

| Date | Action | Entered | Reviewed |
|---|---|---|---|
| **121405** | **RECEIVED INTAKE QUESTIONNAIRE** | **SAL** | |
| | **ASSIGNED FOR PROCESSING:** | | |
| 122705 | Called left VM | Sal | |
| 010406 | Called # but could not | | |
| | leave msg - msg box is | | |
| | full | Sal | |
| 010506 | Called # but could not | | |
| | leave msg - msg box is | | |
| | full | Sal | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

EEOC Form 159 (Test 10/94)

SE LOG
(Continue on Reverse)

| Charge No. | Respondent | Charging Party |
|---|---|---|
| 380-2005-03117 | Adams Terp | Khan, Izaz |

| Date | Action | Entered | Reviewed/ |
|---|---|---|---|
| 7/15/05 | mailed 1Q | BJ | |
| 12/14 | 1Q recd | SAZ | |
| 1/13 | Called @ Call # 1114 am | | JP |
| | IMQ → mail by full number | | |
| | to leave VM | | |
| | Sent letter with SOC remedies | | |
| 2-1-06 | TC w/ PCP tel Interview | | |
| | on 2-9-06 at 1:30 pm | | |
| | our time 12:30 pm AK time | SP | |
| 02/09/06 | @ 1.45pm - completed intake interview. | | |
| | drafted + mailed Form 5 + ADA IQ mc | | |
| 2/10 | TJ + rpt + ADA | | JP |
| | ADR | | |
| 2/21 | f clar | | JP |
| 2.22.06 | Served Notice, Sent 212d and sent CP letter | HF | |
| 3/8/06 | B4 61 to TJ | CGM | |
| 3.29.06 | G9/ PS Rec'd | HF | |
| 0419 06 | NC NRTS mailed | rm | |

EEOC Form 159 (Test 10/94)

**IMS Charge Service Guide Sheet**    #380-2005-0 ~~3 / 1 7~~

Date ~~2/2/~~_____

TO    Cynthia        Steve        (Hattie)        Mary        Jeff

FR    (FP)    RU    **(Circle one)**

RE    IMS data entry and serving a charge

**1. Enter into IMS**

    Respondent_____

    Allegations:

        Basis_____Issue_____date_____

        Basis_____Issue_____date_____

        Basis_____Issue_____date_____

**2. Formalize charge (get C number). Date charge formalized:_____**

      Click Actions tab
      Click mandatory investigation
      Click AB -" formalize charge"
      Click Assign Processing category:    (b) (5)    **(Circle one)**

**3. To Mustafa or Mary to serve:**

  (RFI)        P/S only        No codes        No action on 131        No charge

  (Title VII)        Age        (ADA)    EPA

codes    **B4**    E1 (Frances )    **E2** (Rod)    E3 (John Lee)    (B1)(ADR)    I 1 (Intake)

    (b)(5)

    G1    FP    RU    JL **(never enter Kathryn Olson on 131)** (CAM)(Cheryl)

4. **Transfer to:**_____**Reason**_____

   **Memo/letter to CP/R and Agency receiving transfer_____**

Exhibit A, p. 9 of 148

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Charge Detail Inquiry**

| CHARGE # 380-2005-03117C | FORMALIZED OFFICE 551 | UNIT 1 | STAFF Brenda Jackson | DATE INITIAL INQUIRY | 07/15/2005 |
|---|---|---|---|---|---|

**LEAD CHARGE #**          **ACCOUNTABLE OFFICE** 551

| DATE INITIAL INQUIRY | 07/15/2005 |
|---|---|
| DATE FIRST OFFICE | 02/22/2006 |
| DATE DISTRICT | 02/22/2006 |
| THIS OFFICE DATE | 02/22/2006 |

**CHARGING PARTY INFORMATION**

Khan, Izaz E

C/O Gospel Rescue Mission

2823 Tudor Road

Anchorage          AK      99507    **Country** USA

**Home** (907) 441-0412    **Work**

**SSN** 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    **Date Of Birth** 06/18/1968

**Sex** M    **Race** A    **Nat Origin** E

CONTACT

**Country**

**Phone**

**Email Address**

**RESPONDENT INFORMATION**

ADAMS TEMPORARIES

3601 C St.

Ste 1258

Anchorage          AK      99503    **Country** USA

**Phone** (907) 561-5161    **FAX**

**R Type** P    **EEO #**    **EEO FUN**    **SMSA** 0380

**SIC Codes**

CONTACT

**Country**

**Phone**

**Email Address**

**PROCESSING INFORMATION**

**Deferral Office** 38A          **Source Of Complaint** A          **Processing Type** O          **Processing Category** (b)(5)

**Staff** Cheryl Milner          **Staff Assigned Date** 02/22/2006          **Staff Function/Unit** B1

**Last Action** 02/22/2006 7 G1 Assigned To Staff Office: 551 F/U: B1 Del:A

**Final Closure Action**

**Subpoena:**          **Suspense:**          **Transfer From:** 380

**ALLEGATIONS**

| Alleg # 1 | SBI: D Z2 D2 | Cont Act? | Litigation? | Cause? | First DOV 07/15/2005 | Last DOV 07/15/2005 |
|---|---|---|---|---|---|---|
| Alleg # 2 | SBI: T NA D2 | Cont Act? | Litigation? | Cause? | First DOV 07/15/2005 | Last DOV 07/15/2005 |

**BENEFITS**

**ACTION HISTORY**

| Date | Seq | Code | Description | Attributes | Office | F/U | Del |
|---|---|---|---|---|---|---|---|
| 01/01/2006 | 1 | A0 | Transfer To | 1:551 2:Z | 380 | I1 | |
| 01/01/2006 | 2 | A1 | Transfer Accepted | 1:380 2:Z | 551 | I1 | |
| 01/01/2006 | 3 | B4 | Send to Function/Unit | 1:I 2:1 3:Z | 551 | I1 | |
| 02/09/2006 | 4 | B6 | Assign Processing Category | (b)(5) | 551 | I1 | |
| 02/22/2006 | 5 | AB | Formalize Charge | | 551 | I1 | |
| 02/22/2006 | 6 | B4 | Send to Function/Unit | 1:B 2:1 3:P | 551 | I1 | |
| 02/22/2006 | 7 | G1 | Assigned To Staff | 1:CAM 2:W | 551 | B1 | |

PROCESSING CATEGORY & NEP/LEP CODING

| CHARGE IDENTIFICATION | | |
|---|---|---|
| CHARGE #: 380-2005-03117 | CP NAME: Izaz Khan | R NAME: Adams Temporaries |

**INITIAL PROCESSING CATEGORY**
*(circle one & include explanation of processing category assigned in the comments section below)*

| (b)(5) | (b)(5) | (b)(5) |
|---|---|---|

Redacted (b)(5)

| CHARGE IS NEP/LEP | ← *(Please circle one)* → | CHARGE IS NOT NEP/LEP |
|---|---|---|

*If charge is identified as a NEP/LEP charge, please circle the applicable codes on the list below.*

| NEP CODES | LEP CODES |
|---|---|
| A - Repeated or Egregious Violation | A - After Acquired Evidence |
| B - Broad Based Employment Practice | B - Association |
| C - Allocation of Burden | C - BFOQ Defense |
| D - Scope of Liability | D - Election of Avenue of Redress |
| E - Language Rule | E - Foreign Ownership or Operation |
| F - Religious Accommodation | F - Geographic Area |
| G - Disability Accommodation | G - Glass Ceiling |
| H - Disparate Impact | H - Industry Realignment |
| J - Combined Bases | J - Industry Type |
| K - Binding Arbitration | K - Medical Releases |
| L - LEP Category/Issue | M - Non-traditional Jobs |
| M - Employee Benefits (OWBPA/ADA) | N - Pretext |
| N - Court Dispute | P - Prima Facie Violation |
| P - Retaliation | Q - Referral by Incumbents |
| Q - Commission Policy Challenge | R - Specific Bases |
| R - Access to Information | S - Specific Issues |
| S - Breach of Agreement | T - Specific Statutes |
| T - Record Keeping Violation | V - Stereotyping |
| U - Cash Balance Pension Plans | W - Terminal Illness |
| | X - Waiver of Rights |
| | Y - Top 20 Charge |

| APPROVAL | |
|---|---|
| INTAKE INVESTIGATOR *(signature)* | mc. |
| ENFORCEMENT SUPERVISOR *(signature)* | |

Exhibit A, p. 11 of 148

EEOC Form 161 (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Izaz E. Khan**
     **C/O Gospel Rescue Mission**
     **2823 Tudor Road**
     **Anchorage, AK 99507**

From:   **Seattle Field Office - 551**
        **909 First Avenue**
        **Suite 400**
        **Seattle, WA 98104**

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **380-2005-03117** | **Roderick Ustanik,**<br>**Enforcement Supervisor** | **(206) 220-6850** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
A. Luis Lucero, Jr.,
**Acting Director**

**APR 1 9 2006**

(Date Mailed)

Enclosure(s)

cc:  **ADAMS TEMPORARIES**
     **C/O Ryan D. Jensen**
     **Assistant General Counsel**
     **2650 Decker Lake Blvd., Suite 500**
     **Salt Lake City, Utah 84119**

Exhibit A, p. 12 of 142

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Exhibit *A*, p. *13* of *148*

# Confirmation Report — Memory Send

Page       : 001
Date & Time: Apr-19-06  07:56am
Line 1    : +206 220 6869
Line 2    :
Machine ID : EEOC SEATTLE WA

Job number          :   668

Date                :   Apr-19 07:55am

To                  : ☎919072693717

Number of pages     :   003

Start time          :   Apr-19 07:55am

End time            :   Apr-19 07:56am

Pages sent          :   003

Status              :   OK

Job number    : 668              *** SEND SUCCESSFUL ***



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle Field Office – 551

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

TELECOPY COVER MEMO          FAX Number:____(907) 269-3717_____

Please deliver the following page(s) to:

Name:____IZAZ E. KHAN_____

Address:_____

_____

Total number of pages _____3_____, including cover memo.

Date:____April 19, 2006_____

IF YOU DO NOT RECEIVE ALL PAGES, OR HAVE ANY PROBLEMS WITH RECEIVING
THIS TRANSMISSION, PLEASE CALL AS SOON AS POSSIBLE:

Name:____Judith K. Cotner Montoya_____

Phone:____(206) 220-6872_____

FOR YOUR INFORMATION:

The telephone numbers to our FAX machines are (206) 220-6911 or (206) 220-6869.

Exhibit _A_, p. _14_ of _148_

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 380-2005-03117 |

|  | **Alaska State Commission For Human Rights** | and EEOC |
|---|---|---|
|  | State or local Agency, if any |  |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Mr. Izaz E. Khan** | **(907) 441-0412** | **06-18-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **C/O Parkview Center 831 B Street Anchorage, AK 99501** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ADAMS TEMPORARIES** | **Unknown** | **(907) 561-5161** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3601 C St., Ste 1258, Anchorage, AK 99503** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | Earliest  07-15-2005    Latest  07-15-2005<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by this employer as a laborer on April 18, 2005. I was injured on the job on June 11, 2005 and I was off of work. I was then placed on light duty on July 7, 2005. On July 8, 2005, while on light duty, I signed a release regarding my criminal history and was sent home because there was no more work. The next work week I called for more work and was told that I was no longer needed due to my criminal history. On July 15, 2005, I received my final paycheck and a written notice stating I was not workable due to felony and misdemeanors.

I believe I have been discriminated against because of my national origin, Pakistani, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990.

Exhibit A, p. 15 of 148

2006 FEB 21 A 9: 29
RECEIVED
SEDO-EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2-15-06        X _____<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| **ADAMS TEMPORARIES**<br>**Personnel Administrator**<br>**3601 C St.**<br>**Ste 1258**<br>**Anchorage, AK 99503** | **Izaz E. Khan** |
| | THIS PERSON *(check one or both)*<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**380-2005-03117** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

☒ Title VII of the Civil Rights Act      ☒ The Americans with Disabilities Act

☐ The Age Discrimination in Employment Act      ☐ The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. ☐ Please provide by      a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☒ Please respond fully by    **08-MAR-06**    to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☒ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by    **08-MAR-06**    to   **Cheryl Milner, ADR Assistant, ADR Coordinator, at (206) 220-6937**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Cheryl A. Milner,**<br>**ADR Assistant**<br>――――――――――――――――<br>*EEOC Representative*<br><br>*Telephone:* **(206) 220-6937** | **Seattle Field Office - 551**<br>**909 First Avenue**<br>**Suite 400**<br>**Seattle, WA 98104** |

Enclosure(s): ☐ Copy of Charge

---

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN   ☐ AGE   ☒ DISABILITY   ☐ RETALIATION   ☐ OTHER

**ISSUES:** Discharge

**DATE(S) (on or about): EARLIST: 07-15-2005 LATEST: 07-15-2005**

Exhibit _A_ , p. _16_ of _148_

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **Feb 22, 2006** | **A. Luis Lucero, Jr.,**<br>**Acting Field Office Director** | |

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

Exhibit _A_ , p. _17_ of _48_

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO: **Alaska State Commission For Human Rights**
**800 A Street**
**Suite 204**
**Anchorage, AK 99501**

Date     **Feb 22, 2006**

EEOC Charge No.
     **380-2005-03117**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Izaz E. Khan** | v. | **ADAMS TEMPORARIES** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC    ☐ _____ on   **Feb 22, 2006**
                                          *Name of FEPA*                     *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

    ☐ EEOC requests a waiver                  ☐ FEPA waives

    ☐ No waiver requested              ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **A. Luis Lucero, Jr.** | |

| **Izaz E. Khan** | v. | **ADAMS TEMPORARIES** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

Exhibit _A_, p. _18_ of _148_

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Paula M. Haley** | |

TO: **Seattle Field Office - 551**
**909 First Avenue**
**Suite 400**
**Seattle, WA 98104**

Date     **Feb 22, 2006**

EEOC Charge No.
     **380-2005-03117**

FEPA Charge No.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 380-2005-03117 |

| **Alaska State Commission For Human Rights** | | | and EEOC |
|---|---|---|---|
| *State or local Agency, if any* | | | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Izaz E. Khan** | **(907) 441-0412** | **06-18-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **C/O Parkview Center 831 B Street Anchorage, AK 99501** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ADAMS TEMPORARIES** | **Unknown** | **(907) 561-5161** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3601 C St., Ste 1258, Anchorage, AK 99503** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-15-2005** | **07-15-2005** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by this employer as a laborer on April 18, 2005. I was injured on the job on June 11, 2005 and I was off of work. I was then placed on light duty on July 7, 2005. On July 8, 2005, while on light duty, I signed a release regarding my criminal history and was sent home because there was no more work. The next work week I called for more work and was told that I was no longer needed due to my criminal history.  On July 15, 2005, I received my final paycheck and a written notice stating I was not workable due to felony and misdameanors.**

**I believe I have been discriminated against because of my national origin, Pakistani, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990.**

Exhibit A, p.19 of 48

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____    _____ Date              *Charging Party Signature* | |

272 - 1641
#404
CP was at a half
way house.
272 - 1641
Not there

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  <br> ☒ EEOC | 380-2005-03117 |

**Alaska State Commission For Human Rights** and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Izaz E. Khan** | **(907) 441-0412** | **06-18-1968** |

| Street Address | City, State and ZIP Code |
|---|---|
| **C/O Parkview Center 831 B Street Anchorage, AK 99501** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ADAMS TEMPORARIES** | **Unknown** | **(907) 561-5161** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3601 C St., Ste 1258, Anchorage, AK 99503** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-15-2005** | **07-15-2005** |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by this employer as a laborer on April 18, 2005. I was injured on the job on June 11, 2005 and I was off of work. I was then placed on light duty on July 7, 2005. On July 8, 2005, while on light duty, I signed a release regarding my criminal history and was sent home because there was no more work. The next work week I called for more work and was told that I was no longer needed due to my criminal history. On July 15, 2005, I received my final paycheck and a written notice stating I was not workable due to felony and misdameanors.**

**I believe I have been discriminated against because of my national origin, Pakistani, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990.**

2006 FEB 21 A 9: 29
RECEIVED
SEDO-EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| x 2-15-06 <br> Date ⎯⎯⎯ x _(signature)_ <br> Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

## MEDIATION FACT SHEET

Mediation is a form of dispute resolution that is offered by the Equal Employment Opportunity Commission (EEOC) as an alternative to its usual approach of investigating or litigating employment disputes. It is an informal process in which the Commission offers the services of a trained and experienced, neutral, third party to assist those involved in an EEOC complaint of discrimination in efforts to resolve their dispute. The services of the mediator are provided without charge. The decision to mediate is voluntary for both parties, and they may terminate their participation at any point. Participating in a mediation allows the parties to discuss the issues raised in the charge, clear up misunderstandings, determine their underlying interests or concerns, find areas of agreement and, ultimately, to incorporate those agreements into a settlement that results in dismissal of the charge. If the mediation is unsuccessful, the Commission will proceed with an investigation of the charge.

**How Mediation Works**

If you are interested in the option of mediation, please fill out the enclosed form entitled Acknowledgment of Mediation Opportunity and return it to Cheryl Milner at the address listed above. If you are undecided, you may indicate on the form that you want an EEOC representative to provide additional information about the program and someone will call you. If both parties agree to participate, a mediator will arrange a time, date, and place for the mediation. The Commission will normally schedule a mediation within thirty days after the parties agree to participate. While it is not necessary to have an attorney at the mediation, either party may choose to do so. As an alternative, the parties may bring a friend or family member to the mediation.

After all parties agree to mediate, the Commission's investigation will be held in abeyance until the process is completed. A response to the EEOC's request for the respondent employer to submit a position statement and other information can be postponed during this period. However, the parties will have an opportunity to provide information to the mediator and to exchange information with each other during the mediation.

**Advantages of Mediation**

**Mediation is an efficient process that saves time and money.** A successful mediation avoids a time consuming investigation and achieves a prompt resolution of the charge. A mediation can be scheduled as quickly as the parties wish and the majority of mediations are completed in one session of four to seven hours. The option of mediation can also avoid lengthy and costly litigation. All disputed issues can be addressed in the mediation, whether or not they involve issues of discrimination.

**Mediation is fair.** Mediators are neutral, third parties who have no interest in the outcome. The Seattle District Office employs three staff mediators and also uses the services of contract mediators. Their role is to help the parties resolve their dispute, and they have been successful about 80% of the time. Reaching an agreement does not require an admission or finding of wrongdoing by either party.

**Mediation is a confidential process.** The sessions are not tape-recorded or transcribed. Notes taken by and all written information provided to the mediator will be destroyed. The Commission has adopted a policy of barring mediators from discussing information disclosed during the mediation with EEOC employees who subsequently investigate the complaint.

Exhibit A, p. 22 of 148

For more information, go to www.eeoc.gov and click on "mediate."



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6955

# ACKNOWLEDGMENT OF MEDIATION OPPORTUNITY

CHARGE NUMBER:_____

Please check who is responding: Charging Party _____    Respondent _____

CHARGING PARTY'S REPRESENTATIVE (if you have one):

    Name:_____

    Telephone Number:_____

RESPONDENT'S CONTACT PERSON:

    Name:_____

    Telephone Number:_____

Please fill in the above information and check one of the following options to indicate your response to the Equal Employment Opportunity Commission's offer of mediation of the charge of discrimination that you have received.  **Mail this form to Cheryl Milner, ADR Unit Program Assistant, in the enclosed business reply envelope or feel free to fax it to her at 206/220-6955.**  For Respondent:  If you accept this offer, you need not submit a position statement until after the mediation has been conducted and only then if the mediation was unsuccessful.

    _____  Agrees to mediate.

    _____  Will consider mediation and advise the EEOC by _____.

    _____  Requests that the Seattle District Office's ADR Unit call and provide additional information about mediation.

    _____  Declines mediation

If you have any questions, please call Cheryl Milner at 206/220-6937 and she will refer you to the mediator to whom the case has been assigned.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Seattle Field Office

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

January 13, 2006

Mr. Izaz Khan
2823 Tudor Road
Anchorage, AK 99507

RE:    Need to schedule a phone appointment

We have received your Intake Questionnaire material and other documents by facsimile. We called your phone (907) 441-0412 and tried to leave you a voice message, but your mail box was full and we could not do so. It is important that you call us immediately to schedule an interview appointment by phone. Our appointments are for Tuesday, Wednesdays or Thursdays, at 8 a.m., 10 a.m. or 1:30 p.m. The interviews take about 1-2 hours and may include the drafting of a formal charge for mailing to you and your return with signature.

Because you have only 300 days from the last date of alleged discrimination to return a signed charge to this office, it is important that you contact us immediately for an appointment. Our current available dates and times are February 2 at 8 a.m., 10 a.m. and 1:30; February 7, 8 and 9 at 8, 10 am and 1:30 p.m.

Please call (206) 220-6883 and speak to the receptionist to schedule a phone interview time most convenient to you from the above dates.

Sincerely,

F. FRANCES PALMER
ENFORCEMENT SUPERVISOR

Exhibit A, p. 24 of 46

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO: **Alaska State Commission For Human Rights**
**800 A Street**
**Suite 204**
**Anchorage, AK 99501**

Date          **Feb 22, 2006**

EEOC Charge No.
          **380-2005-03117**

FEPA Charge No.

```
RECEIVED
HUMAN RIGHTS COMMISSION

FEB 2 7 2006

COMMISSION SECRETARY
```

CHARGE TRANSMITTAL

SUBJECT:

|  |  |  |
|---|---|---|
| **Izaz E. Khan** | v. | **ADAMS TEMPORARIES** |
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC     ☐ _____   on   **Feb 22, 2006**
                                *Name of FEPA*                           *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver          ☐ FEPA waives

☐ No waiver requested             ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

Typed Name of EEOC or FEPA Official
**A. Luis Lucero, Jr.**

Signature/Initials
*A. Luis Lucero Jr.*

|  |  |  |
|---|---|---|
| **Izaz E. Khan** | v. | **ADAMS TEMPORARIES** |
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[X] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to ~~dismiss/close~~/not docket the charge for the following reasons:

          Lack of Jurisdiction - untimely.  The alleged date of harm is beyond
          ASCHR's 180-day timeframe for filing.

          Exhibit *A*, p. **25** of **148**

Typed Name of EEOC or FEPA Official
**Paula M. Haley**

Signature/Initials
*CCA* for Paula M. Haley  02/28/06

TO: **Seattle Field Office - 551**
**909 First Avenue**
**Suite 400**
**Seattle, WA 98104**

Date          **Feb 22, 2006**

EEOC Charge No.
          **380-2005-03117**

FEPA Charge No.
          **N/A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle Field Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA  98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

February 9, 2006

Mr. Izaz Khan
Parkview Center
831 B Street
Anchroage, AK 99501

Re:    Charge No. 380-2005-03117

Dear Mr. Khan:

Enclosed is the draft of the potential charge of employment discrimination which was prepared based on our recent conversation and on the information you provided.

Please review the charge for accuracy.  You may make minor necessary corrections in ink and initial them.  If you are in doubt about making any correction, please contact me at (206) 220-6863.  When you are satisfied that the charge is accurate, sign and date it in the lower left hand corner.  Return the charge to our office by mail.  A self-addressed envelope is enclosed for your convenience.

The enclosed charge is an official document.  Other than minor necessary changes, do not add messages or additional information on the charge.  If you have more relevant information to submit, please use a separate sheet of paper.

Charges of discrimination must be filed within 300 days of the date of the alleged violation.

The Commission's regulations require that you notify this office of any change in your address and telephone number, and that you keep us informed of any prolonged absence from your current address.

I have also included a questionnaire regarding your disability.  You need to fill this out and return it to our agency so that the Commission can determine whether or not you are covered under the ADA. Also if the investigation shows that the employer does not hire or fires individuals with a criminal background history, the case may be dismissed at that time and you will receive a notice of right to sue to pursue the case in court.

If you have any questions or comments, do not hesitate to call me.  Your cooperation is essential.

Sincerely,

Mercedes Casasola
Investigator

Exhibit A, p. 26 of 148



charge No 380-2005-03117   mailed 03/09/06

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Seattle District Office
## AMERICANS WITH DISABILITIES ACT
## SUPPLEMENTAL INTAKE QUESTIONNAIRE

This form is covered by the Privacy Act of 1974. Please read the Privacy Act statement on the last page of the INTAKE QUESTIONNAIRE before completing this form. <u>Answer ALL of the questions, and then SIGN and DATE the form on the last page</u>

NAME _____    DATE _____

## DEFINITIONS:

**AN INDIVIDUAL WITH A DISABILITY** is a person who either (1) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (2) has a record(s) of such an impairment; or (3) is regarded by the covered entity (employer) as having such an impairment.

**A QUALIFIED INDIVIDUAL WITH A DISABILITY** is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the job in question.

**REASONABLE ACCOMMODATION** may include, but is not limited to (1) making existing facilities used by employees readily accessible to and usable by persons with disabilities; (2) job restructuring, modifying of work schedules, reassignment to a vacant position; or (3) acquiring or modifying equipment or devices, adjusting or modifying examinations, training materials, or policies, and providing qualified readers or interpreters.

## PLEASE TYPE OR PRINT THE REQUESTED INFORMATION

If you base your charge on your **<u>disability</u>**, answer the following questions.

1.    Identify the name of your disability: _____.

2.    When did you first develop this disability: _____.

3.    Describe in general what major life activities, (such as walking, lifting, seeing, breathing, hearing, etc.) are affected by the disability: _____
_____
_____
_____
_____
_____

4.    Describe any limitations or restrictions placed on you by a physician because of your disability:
_____
_____
_____

5.    Explain how your disability affects your ability to perform your job: _____
_____
_____
_____

# Record of Intake Interview

**Charge Number:**     380-2005-03117
**Charging Party:**     Izaz Khan
**Respondent:**     Adams Temporaries
**Method of Contact:**     Telephonic
**Date and Time:**     February 9, 2006 @ 12:30p.m.
**Investigator:**     Mercedes Casasola

CP began working for R on April 18, 2005 as a laborer. This was his first time working for R. CP stated that he was hired by Jake (LNU)-manager. CP explained that all jobs are different and involve light industrial type of work. He was assigned to about 10 jobs. CP stated that Larry Allen goes to R and asks for laborers. Larry is not an employee of R. CP stated that he was hurt on the job with Larry Allen and took time off. Although R called him to work, he said he couldn't because his back and knee were hurting. CP then sought medical treatment and was given light duty. While on light duty working in the office, he was asked to sign a release for them to check his criminal history. When CP called the next work week, he was told he was not longer needed because of his criminal background. A female manager told him he was fired, name unknown. CP provided a copy of his criminal background history which shows that CP had numerous misdemeanors and a felony. CP was not aware of R's policy on checking criminal background checks. He also did not have any comparators after I asked him for employee who had criminal histories and were not terminated. I asked CP why his national origin and disability were issues. He explained that he is from Pakistan and his last name is Khan which is a very common name in the "belt" where Bin Laden is hiding. He has made this known so he believes that people talk and therefore this is an issue. He then asked me what my feelings were about 9-11 and about my national origin. I explained that that was not relevant to his allegations. He asked if I was recording the conversation and I told no, but that I was taking notes. He explained that he has been leaving permanently in Alaska since 2000 and it has been very hard for him because Alaska is a "redneck" state, especially the little town he lived in. He explained that I should read between the lines because there was no reason for why he was fired other than he got hurt and became disabled and his national origin. I explained to CP that his chronology of events showed that he was discharged prior to him being diagnosed as disabled. However, he insisted that they were related. I also explained to CP that based on his medical condition it did not appear he was disabled as defined by the ADA. He said he has been considered disabled and is on medication. I told him I would send him ADA questionnaire to fill out. He then explained that he had hard time regarding his arrests and convictions. He explained that the DA approached him while he was in jail and told him to take a plea bargain for two misdemeanors and that they wouldn't prosecute him for perjury which is a felony. CP said he preferred to go to trial and the 4th degree assault was dismissed but he was convicted or harassment and the felony perjury charge. He said he is appealing the convictions. He explained that the perjury was based on a form that he filled out at his arraignment where he was asked if he could afford an attorney and he said no and then they determined he lied. CP said he was sentenced in August 8, 2005 and he has an appeal and PCR (post conviction relief) pending. He said the prosecutor was a "bitch" and his attorney was incompetent. In Jan. 2006, he was sent to a half-way house and is on furlough status which means he can go out to into society. I explained to CP that we would

check R's criminal background policy and when they do it. If that shows that they fire or don't hire people with criminal background histories, case may be dismissed. I had also advised CP of this during a phone inquiry he had made.

# *CHARGING PARTY RESPONSE TO OFFER OF MEDIATION DURING INTAKE*

## *CHARGE NO. 380* - ᒋ00S - 03117

## *DATE:* 0ᒋ109106

___X___ *Charging party agrees to mediation.*

_____ *Charging party declines mediation.*

_____ *Charging party will consider mediation and advise the EEOC.*

_____ *Charging party requests that the ADR Unit call and provide additional information about mediation.*

*INTAKE INVESTIGATOR INITIALS:* mc

Exhibit A , p. 30 of 148