IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ KHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADAMS ASSOCIATES,<br><br>　　　　Defendants. | Case No. 3:06-cv-00095-TMB<br><br>ORDER REGARDING<br><u>MULTIPLE MOTIONS</u> |

　　　　On April 26, 2006, Izaz Khan, representing himself and proceeding under a waiver of the filing fee, filed an employment discrimination complaint against Adams Associates, alleging that the defendant terminated him based upon his national origin and due to a work-related injury.[1]  Mr. Khan has filed several motions.  First, Mr. Khan moves to postpone his trial until September in order to give him an

---

[1] *See* Docket Nos. 1, 3, 5.

opportunity to secure counsel.[2]  In the meantime, the defendant has filed a motion for summary judgment.[3]

The Court will not schedule trial in this case until the summary judgment motion is resolved. Mr. Khan is cautioned that, because this case was filed over a year ago, during which time Mr. Khan had ample opportunity to secure counsel,[4] the Court will decide the summary judgment motion promptly, without further delay.

Mr. Khan also requests that his family be linked by telephone "during [his] hearing and trial."[5]  Although no hearing is currently scheduled in this case, Mr. Khan may have a witness appear at his trial by telephone, makes a timely application to the Court Local Civil Rule 7.3.  At this time, Mr. Khan's request is premature and is therefore denied.

---

[2] See Docket No. 49.  Although Mr. Khan states that he has a June 15, 2007, trial date, the Court's docket does not reflect this.

[3] *See* Docket No. 55.

[4] Mr. Khan is again reminded that he may contact the Alaska Bar Association's Lawyer Referral Service, at 272-0352, for assistance in securing counsel, and an initial 1/2 hour, $50.00 consultation; and/or Alaska Legal Services, Corp., at 272-9431.  There is no guarantee, however, that counsel will be secured for Mr. Khan through these organizations.

[5] Docket No. 50.

Mr. Khan also moves that his "EEOC investigation ... be done again."[6] However, any such motion to reopen his EEOC investigation must be made to the EEOC, not this Court.[7]

Additionally, Mr. Khan moves for reconsideration of the Court's orders denying appointed counsel in this case.[8] As Mr. Khan has been told before, although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases.[9] This is not a case appropriate for referral to the volunteer attorney panel, and the use of its limited resources.[10]

Finally, Mr. Khan has also made yet another motion for an interpreter,[11] which will be denied again at this time, when there is no showing of need.[12]

---

[6] Docket No. 51 at 1.

[7] *See* 29 C.F.R. §§ 1601.1 *et seq.*

[8] *See* Docket Nos. 52, 54.

[9] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989). (The Court may not compel an attorney to assist an indigent civil litigant without pay).

[10] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[11] *See* Docket Nos. 4, 5, 10, 29, 30, 37, 39, 45, 47, 53, 54.

[12] *See* Docket No. 57, Exhibits 7-9, deposition transcript at pages 4-5, 7, 11-12, 16-18, 20-21, 24, 27-28, 30-31, 39, 40-42, 44-45, 48-49, 51-66, where Mr. Khan clearly answers questions in English, although provided with an Urdu interpreter by the defendant. The Court also notes that no hearing or trial is currently scheduled in this case.

Mr. Khan is again reminded that he should make no further motions on matters which have already been addressed by the Court. Even though he is representing himself, Mr. Khan will be subject to sanctions if he continues to revisit issues which have previously been decided or files frivolous motions.[13]

**IT IS HEREBY ORDERED** that:

1. Mr. Khan's motion for an extension of time before trial is scheduled, at docket number 49, is GRANTED in part. Trial will be scheduled, if necessary, after the Court timely considers the defendant's motion for summary judgment, at docket number 55.

2. Mr. Khan's motions at docket numbers 50, 51, 52, 53 and 54, are DENIED.

DATED this 11th day of June, 2007, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[13] *See* FED. R. CIV. P. 11; *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that a litigant proceeding under a waiver of the filing fee may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims.") (citations and internal quotations omitted).