IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IZAZ KHAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ADAMS ASSOCIATES & LARRY ELLAN,<br><br>　　　　　Defendants. | Case No. 3:06-cv-095　TMB<br><br>O R D E R |

　　　Plaintiff filed an Employment Discrimination complaint in this court on April 26, 2006, alleging termination from his employment due to a work-related injury and on the basis of national origin, in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff is proceeding *pro se.* The Court scheduled a status conference in this matter on October 4, 2006, but Mr. Kahn did not appear in person or via telephone, despite calling the clerk's office shortly before the hearing to say he could not appear. Plaintiff was subsequently advised, on October 11, 2006, that **"he risks dismissal of this matter for failure to prosecute if he does not participate in scheduled hearings and motion practice in this matter.** *See* Local Rule 41.1." Docket 32.

　　　Subsequently, Khan filed a number of motions and requests.  See Docket nos. 35, 36, 37, 38, 40, 41, 45, 46, 49, 50, 51, 52, 53, 54, 62, 63, 68, and 70.  In addition, Khan sent several letters to the clerk of court, seeking guidance on various issues.

　　　On June 8, 2007, Defendants moved for Summary Judgment or Alternatively for Dismissal of All Claims. Docket 55. This court sent out its standard order to Khan, which guides *pro se* parties in how to respond to a Motion for Summary Judgment. Docket 60. The notice indicated that any response must be filed and served by Khan no later than 15 days after service of the Summary Judgment motion.

　　　On June 21, 2007, Khan filed a Notice of Interlocutory Appeal, seeking relief from several orders issued by this court. Docket 62. On February 14, 2008, the Ninth Circuit dismissed Khan's

1

interlocutory appeal for failure to prosecute. Docket 76. This Court served a copy of the Ninth Circuit's order on Khan on February 25, 2008. Nothing further has been filed in this matter.

In light of the foregoing, the Court finds that the Motion for Summary Judgment at Docket 55 is ripe for decision. In their motion, Defendant complains that Khan has violated Court ordered discovery and case schedule deadlines, failed to respond to written discovery requests served in November 2006, and refused to participate in and eventually to answer questions during his deposition.[1] Defendant requests dismissal of this matter in its entirety.

Defendant's brief provides a thorough description of Khan's failure to participate in this matter to his own detriment. Furthermore, as the EEOC found, nothing in the record other than Khan's own self-serving speculation and conclusions support his claims of employment discrimination. The evidence reflects that Khan was fired from his position based solely on his past criminal history, which is a matter of public record, and which he has not disputed. There being no apparent issue of material fact in this matter, Defendant is entitled to summary judgment as a matter of law.

Based on this Court's review of the record and pleadings to date, along with Defendant's Motion and supporting affidavits, the Motion for Summary Judgment or in the Alternative for Dismissal at Docket 55 is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

Dated at Anchorage, Alaska, this 26th day of March 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Defendant further notes than an Urdu interpreter was retained at Defendant's expense, on two occasions, to assist Khan in his deposition.

2